Lawrence D. WILSON a/k/a
Amin A. Rashid,

v.

Stephen J. RACKMILL, individually and in his official capacity, Victor P. Zaccheo, individually and in his official capacity, Shelley Witenstein, individually and in her official capacity, Michael Santella, individually and in his official capacity, Elaine Terenzi, individually and in her official capacity, Daniel R. Lopez, individually and in his official capacity, James F. Haran, individually and in his official capacity, Donald S. Miller, individually and in his official capacity, Mr. Gold, individually and in his official capacity, Ruth G. Taylor, individually and in her official capacity.

Appeal of Lawrence D. WILSON.

No. 89–1062.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
May 3, 1989.

Decided July 6, 1989.

Lawrence D. Wilson c/o Amin A. Rashid & Associates, Philadelphia, Pa., appellant pro se.

Michael M. Baylson, U.S. Atty., James G. Sheehan, Asst. U.S. Atty., Chief Civil Div., David F. McComb, Asst. U.S. Atty., Philadelphia, Pa., for appellees.

SEITZ,* COWEN and GARTH, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

Appellant, Lawrence D. Wilson, appeals from the final order of the district court granting defendants Shelley Witenstein and Michael Santella's motion to dismiss and denying appellant's motion for reconsideration of the district court's order which dismissed as frivolous appellant's claims against the remaining defendants. We have jurisdiction under 28 U.S.C. § 1291.

## I. FACTS

Appellant filed this civil rights action in the district court against various federal probation officers, two federal parole examiners and a regional commissioner of the United States Parole Commission. In his

complaint appellant alleged, *inter alia,* that the defendants "all worked in concert with each other to cause the arrest of plaintiff, to improperly investigate and make probable cause findings, and conduct an unfair parole revocation hearing to ensure that the plaintiff is returned to prison and that his business, employment and personal life is destroyed." Appellant alleged that the defendants violated his "rights under the U.S. Constitution," and he requested declaratory and injunctive relief and damages.

After granting appellant leave to proceed *in forma pauperis,* the district court dismissed the claims against all defendants except Witenstein and Santella as frivolous under 28 U.S.C. § 1915(d), without requiring an answer, on the grounds that "[t]he plaintiff's complaint fails to allege a violation of his constitutional rights by these defendants that is required for a direct cause of action under the Constitution against federal officials. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 [91 S.Ct. 1999, 29 L.Ed.2d 619] (1971)." The district court then directed that the complaint be filed against the two parole examiners, defendants Witenstein and Santella, "in regard to plaintiff's claims regarding his parole revocation hearing."

Appellant timely served a motion for reconsideration of the district court's order, arguing that he had alleged in his complaint that the defendants conspired to deprive him of his fifth amendment right to procedural due process with respect to his parole revocation. He contended that he clearly stated a cause of action under *Bivens* and under 42 U.S.C. § 1985(3). The district court subsequently denied the motion for reconsideration.

The two remaining defendants, parole examiners Witenstein and Santella, filed an answer and a motion to dismiss the complaint under Fed.R.Civ.P. 12(b)(6). They argued that they were absolutely immune for conduct taken in connection with the parole revocation hearing, relying on *Har-*

* Since the date of submission of this case, Judge    Seitz has taken senior status.

*per v. Jeffries,* 808 F.2d 281 (3d Cir.1986). The district court granted the motion to dismiss, finding that the defendants were absolutely immune and that the allegations of conspiracy were conclusory and unsupported by specific factual averments. This appeal followed.

## II. DISCUSSION

On appeal, appellant contends that (A) the district court erred in partially dismissing the complaint as frivolous because appellant had stated a cause of action against most of the defendants, and (B) the district court erred in concluding that the parole examiners were absolutely immune from liability.

### A.

■ The district court has discretion under 28 U.S.C. § 1915(d) to dismiss frivolous or malicious *in forma pauperis* complaints. However, that discretion is "limited 'in every case by the language of the statute itself which restricts its application to complaints found to be frivolous or malicious.'" *Williams v. Faulkner,* 837 F.2d 304, 306 (7th Cir.1988), *aff'd, Neitzke v. Williams,* — U.S. —, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The question whether a complaint is frivolous or malicious under § 1915(d) involves the district court's application and interpretation of legal precepts. We must decide whether the district court applied the correct legal standard in dismissing some of appellant's claims under § 1915(d). Our review, therefore, is plenary. *Universal Minerals, Inc. v. C.A. Hughes & Co.,* 669 F.2d 98, 103 (3d Cir.1981).

The standard under which a district court may dismiss a complaint under § 1915(d) was recently clarified by the Supreme Court in *Neitzke v. Williams,* — U.S. —, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The Court held that the legal standard to be applied under § 1915(d) is a different standard from that applied under

Fed.R.Civ.P. 12(b)(6).[1] A Rule 12(b)(6) dismissal is appropriate if, as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one. *Id.,* — U.S. at —, 109 S.Ct. at 1832. Dismissal under § 1915(d) is appropriate when the claims are based on an indisputably meritless legal theory or on clearly baseless factual contentions. *Id.* A complaint is not automatically frivolous under § 1915(d) merely because it fails to state a claim under Rule 12(b)(6). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not." *Id.*

To be dismissed as frivolous, the complaint must lack an arguable factual or legal basis. If the complaint arguably states a claim, then it should go forward so that the defendants can answer and plaintiff can receive notice of the possibility of Rule 12(b)(6) dismissal and the need to amend his complaint in order to properly state a legal claim.

■ In this case, the district court dismissed the complaint as frivolous merely on the ground that it failed to state a claim under *Bivens.* In effect, the district court equated the standard for § 1915(d) dismissal with the standard for Rule 12(b)(6) dismissal. *Neitzke* clearly states that this is incorrect. The district court instead should have decided whether the complaint lacked any arguable factual or legal basis.

In our view, the factual contentions of the complaint are not clearly frivolous. *Neitzke* seems to contemplate that frivolous factual claims are those that describe "fantastic or delusional scenarios." Such is not the case here, where appellant alleges that the defendants conspired to deprive him of his fifth amendment rights. If any-

---

**1.** To the extent we have previously held that a dismissal on § 1915(d) grounds is reviewed under the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6), that holding is no longer valid in light of *Neitzke. See e.g., Harris v. Cuyler,* 664 F.2d 388, 389 n. 3 (3d Cir.1981).

thing, the facts are not stated with the requisite specificity, a problem more properly addressed under Rule 12(b)(6).

Furthermore, we cannot say that appellant's claims are based on an indisputably meritless legal theory. Appellant alleged that the defendants conspired to have him arrested, made improper investigations and probable cause findings and conducted an unfair parole revocation hearing in order to have appellant returned to prison. Although he contended in his motion for reconsideration that the substance of his allegations were conspiracy, his complaint also seems to allege underlying violations of the fifth amendment right to due process.

It is arguable whether appellant has stated a cause of action under *Bivens*. *Bivens* provides an action for damages to vindicate a constitutional right when a federal official has violated such a right. The action is available if no equally effective remedy is available, no explicit congressional declaration precludes recovery, and when no special factors counsel hesitation. *See Rauschenberg v. Williamson*, 785 F.2d 985 (11th Cir.1986). There may be special factors counselling hesitation in finding a *Bivens* claim here if appellant has an effective remedy available through habeas corpus. *Id. See also Kimberlin v. United States Department of Justice*, 788 F.2d 434 (7th Cir.1986).[2] If there is no underlying substantive *Bivens* claim, then his conspiracy claims may also lack merit. Nevertheless, the claims alleged are not clearly legally meritless under § 1915(d) even if they later suffer dismissal under Rule 12(b)(6).

In addition, appellant argued in his motion for reconsideration that he stated a cause of action under 42 U.S.C. § 1985, which makes actionable conspiracy to violate federal rights, even by federal officials acting under color of federal law. Although § 1985(3) requires conspiracy to violate equal protection, appellant alleged in his complaint that the defendants were white and of different religious orientation from appellant and that they acted against appellant out of racial and religious animus. Therefore, appellant may have stated a claim for conspiracy under § 1985, if not under *Bivens*. Accordingly, since we cannot say that appellant's claims clearly lack any arguable factual or legal basis, we conclude that the district court erred in dismissing the complaint against some of the defendants under § 1915(d).

## B.

We must also decide whether the district court correctly granted the Rule 12(b)(6) motion of the two parole examiners to dismiss on absolute immunity grounds. Our scope of review is plenary. Our standard of review is "whether taking the allegations of the complaint as true, ... and viewing them liberally giving plaintiffs the benefit of all inferences which fairly may be drawn therefrom, ... 'it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claims which would entitle [them] to relief.'" *Wisniewski v. Johns–Manville Corp.*, 759 F.2d 271 (3d Cir.1985).

Appellant contends that the alleged activities of the two parole examiners were not adjudicatory and were investigative or administrative, entitling the defendants at most to qualified immunity under *Harper*. The defendants contend that the allegations of the complaint reveal that the defendants were involved in adjudicatory duties, the performance of which entitle them to absolute immunity.

Under *Harper*, probation and parole officers are entitled to absolute immunity when they are engaged in adjudicatory duties. In their executive or administrative capacity, probation and parole officers are entitled only to a qualified, good faith immunity. *Id.* at 284. We must examine the allegations of appellant's complaint to dis-

---

**2.** It appears from the record that appellant filed a habeas corpus petition in the United States District Court for the Northern District of Texas in which he alleged a violation of his right to a neutral and detached parole hearing. The district court in that case found that appellant's right to a fair hearing was violated and granted the writ unless appellant were granted a new parole revocation hearing.

cern whether appellant alleged that the two defendants performed adjudicatory duties, entitling them to absolute immunity, or executive and administrative duties, entitling them to qualified or good faith immunity. In order for the defendants to succeed on a Rule 12(b)(6) dismissal based on absolute immunity, the allegations of appellant's complaint must indicate the existence of absolute immunity as an affirmative defense; the defense must clearly appear on the face of the complaint. C. Wright and A. Miller, 5 *Federal Practice and Procedure* § 1357 at 605–606 (1984).

In the complaint, appellant clearly alleged that Santella and Witenstein served as the hearing examiners performing adjudicatory duties. However, he also alleged that Witenstein "investigated allegations of parole violations presented to him by Stephen J. Rackmill, typed up a warrant application for the arrest of the plaintiff and then signed the warrant in a signature space provided for Ruth Taylor ..." He also alleged that Michael Santella "assisted Victor P. Zaccheo to initiate criminal [sic] a criminal investigation against the plaintiff in order to destroy his legal and lawful business, employment and personal affairs." Broadly construed, the complaint alleges that the two defendants performed executive and investigative functions, in addition to their adjudicatory duties. The allegations of the complaint, taken as true and viewed in the light most favorable to appellant, do not clearly indicate that the defendants are completely entitled to absolute immunity. Accordingly, we conclude that the district court erred in granting the defendants' motion to dismiss.

## III. CONCLUSION

In light of the foregoing, we will reverse the orders of the district court and remand the case for further proceedings consistent with this opinion.