**Patrick Daniel CLIFFORD, et al., Plaintiffs,**

v.

**Fred W. JACOBS, et al., Defendants.**

**Civ. No. 89–1035.**

United States District Court,
M.D. Pennsylvania.

April 25, 1990.

---

Patrick Daniel Clifford, Camp Hill, Pa., pro se.

Sterling Leese, Jr., Camp Hill, Pa., pro se.

Leonard T. Morton, Jr., Pittsburgh, Pa., pro se.

Curtis Sawyer, Camp Hill, Pa., pro se.

Buddy Dean Rau, pro se.

Frederick E. Martin, Lewisburg, Pa., Richard Douglas Sherman, Office of Atty. Gen., Harrisburg, Pa., for defendants.

## MEMORANDUM

NEALON, District Judge.

Presently before the court is defendants' motion for reconsideration of this court's order of February 26, 1990 dismissing plaintiffs' habeas corpus action and staying their other claims under 42 U.S.C. § 1983 (Section 1983). *See* documents 27 & 28 of record. For the reasons that follow, the motion to reconsider will be denied.

## I. BACKGROUND

Plaintiffs filed the above-captioned mixed complaint on July 18, 1989 alleging their constitutional rights were violated due to their subjection to mandatory drug and alcohol testing which resulted in their imprisonment for parole violations; to the denial of their right to confront and cross-examine the lab technicians regarding the accuracy of the testing; to the absence of a court stenographer during their parole violation hearings; to unreasonable searches and seizures committed through mandatory drug testing; and to the inadequacy of the testing as a diagnostic tool. *See* document 1 of record.

On November 27, 1989, Magistrate J. Andrew Smyser, upon the defendants' motions to dismiss and for summary judgment, submitted a report to this court recommending that: (1) the complaint be construed as a mixed complaint including Section 1983 claims and a petition for Writ of Habeas Corpus; (2) the petition for Writ of Habeas Corpus be dismissed for failure to exhaust state remedies; (3) the claims of Morton and Clifford be dismissed; (4) Neese, Rau and Sawyer's claim regarding an inadequate record for appeal be dismissed; (5) and summary judgment be granted in favor of defendants and against plaintiffs Clifford, Neese, Rau and Sawyer as to all remaining claims. *See* document 26 of record.

By Memorandum and Order dated February 26, 1990, this court adopted the former two recommendations of the Magistrate, but did not embrace his final three. The court, after acknowledging that plaintiffs' complaint is one of a mixed variety and that the habeas corpus portion must be dismissed for failure to exhaust state remedies, concluded that the Section 1983 claims must be stayed in compliance with the Third Circuit's mandate in *Harper v. Jeffries*, 808 F.2d 281 (3d Cir.1986). *See* document 27 of record. Thereafter, the defendants submitted the instant motion for reconsideration and supporting brief requesting this court to reexamine the staying of the Section 1983 claims. *See* documents 30 & 31 of record. The time for plaintiffs to respond has passed with no brief submitted. Defendant's motion is now ripe for resolution by this court.

## II. DISCUSSION

■ The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985), *cert. denied*, 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986). Where evidence is not newly

discovered or there exists no manifest errors of law, the motion for reconsideration must be denied.

■ As the court recognized in its Memorandum of February 26, 1990, when a complaint contains a request for both habeas relief and damages under Section 1983, it must determine, once the habeas corpus petition is dismissed, whether to act upon the damages claims or to abstain until plaintiffs have exhausted their state remedies. The Third Circuit recently confronted such a situation in *Harper*, 808 F.2d 281. That case involved a mixed petition, primarily focused on habeas relief, which the magistrate recommended dismissal, including the Section 1983 claims, for failure to exhaust state remedies. The circuit court held that the Section 1983 claims should not have been dismissed merely because the habeas corpus petition was deficient. Instead, the court directed the district court to stay the pending Section 1983 claims until the petitioner had exhausted his state remedies.

In this case, the defendants contend that the Section 1983 claims should not be stayed. In support of this contention they maintain that *Harper* is distinguishable from the instant case. They argue that in *Harper* viable claims for damages existed, unlike in the present case where the complaint was found to be devoid of any such claims: Furthermore, they argue the Third Circuit sanctioned such an analysis in *Harper* when it found one defendant to be immune from suit for damages and, consequently ruled that the plaintiff could not state a claim against that defendant; and that, "as to the second defendant, ... an insufficient record and, hence, a need for factual development necessitated a stay of the claim against that defendant." Document 31 of record at 5–6 (citing *Harper*, 808 F.2d at 284).[1]

Finally, the defendants make an additional policy argument, stating:

> By contrast to the *Harper* situation, the plaintiffs' complaint is devoid of any viable § 1983 claims. The present case has no issues of fact in dispute. The record of undisputed facts, as thoroughly analyzed by the Magistrate, leads to the inescapable conclusion that *as a matter of law*, the defendants are entitled to judgment in their favor. As such, staying a decision on the merits of the § 1983 action until plaintiffs have had an opportunity to exhaust their state remedies would serve no valid or useful purpose. The continuation of meritless claims would only contribute to the already congested court dockets and would inhibit the efficient resolution of meritorious claims pending before the court. If the § 1983 claims in a mixed petition are without merit, the district court should be free to dismiss those claims.

Document 31 of record at 5.

■ This court disagrees with defendants' contentions. In *Harper*, only absolute immunity warranted the courts dismissal of a claim even in the face of a mixed petition with unexhausted state remedies.[2] *See Harper*, 808 F.2d at 284; *Williams v. Hepting*, 844 F.2d 138, 143 (3d Cir.1988) case. If the Third Circuit intended all potentially meritless claims to be examined for disposition regardless of the status of the habeas action, the court would have allowed the second defendant to submit a

---

1. It is noteworthy that defendants have not revealed any cases, other than *Harper*, in support of their argument.

2. In *Harper*, the Third Circuit addressed a Parole Board member's and a probation officer's immunity from damages under *Thompson v. Burke*, 556 F.2d 231, 236–238 (3rd Cir.1977). In settling that issue the court was cognizant of the fact that a Parole Board member and probation officer are entitled to quasi-judicial immunity. *Harper*, 808 F.2d at 284. "The key consideration, then, in determining whether [they] [were] immune from the appellants suit for damages is whether or not their actions occurred when they were 'engaged in adjudicatory duties.'" *Id.* If they were engaged in adjudicatory duties, then they were entitled to absolute immunity. If they were engaged, however, in executive duties, then they were entitled to merely qualified immunity, which would require the court to enquire whether their conduct "violate[d] clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).

summary judgment motion with an appending statement of facts proving that his conduct did not violate clearly established statutory or constitutional rights; which if they went undisputed would be granted. Or the court could have permitted the defendant to file a motion to dismiss claiming that his conduct did not rise to the level of a violation of a clearly established constitutional right and, thus, failed to state a claim upon which relief could be granted.

The court thinks a better interpretation of the *Harper* opinion allows for dismissal of the Section 1983 claims only when no relevant factual determination is required. As in *Harper*, when a defendant is absolutely immune from any suit for damages, no factual resolution is dictated that would impact upon the habeas action; because, regardless of whether he is found to have violated a statutory or constitutional provision, he will be immune from any damages.[3] Consequently, in finding one defendant immune, the Third Circuit merely concluded that he was protected from liability under Section 1983, which was not germane to the related habeas action; there-

fore, such a factual finding did not interfere in the parallel state proceedings.[4]

■ The instant case, however, does not involve a situation where absolute immunity from damages is asserted as a defense. Rather, it involves claims and defenses that include standing,[5] an inadequate record for appeal, an unreasonable search and seizure, a right to cross-examine witnesses, and a right to due process. Defendants aver that this court could dispose of these issues, even though the plaintiffs have not exhausted their state habeas remedies, simply because they are meritless in that they fail to state a claim upon which relief could be granted. *See* document 31 of record at 5–6. In order to determine that they are meritless, however, the court must rely on a particular set of facts, which may even include relying on undisputed facts, and conclude that they do not rise to a constitutional violation. *See, e.g.,* document 26 of record at 3–10. Such conduct would necessarily compel the court to resolve factual and/or legal issues that overlap those in the adjoining state habeas action.[6] This

---

**3.** This court discovered only two instances where the Third Circuit proceeded to dispose of the claims for damages. In both, absolute immunity was the basis for dismissal. *See Harper,* 808 F.2d at 284 and *Williams,* 844 F.2d at 143.

**4.** The issue of whether a Parole Board official can wrap himself in the cloak of absolute immunity is a collateral consideration from the more substantive constitutional issues which the state court must consider in its habeas proceedings. *See, e.g., Harper,* 808 F.2d at 284 (citing *Thompson v. Burke,* 556 F.2d 231, 236–38 (3d Cir.1977). However, once the official is determined to have only qualified immunity, then the court must determine whether he violated clearly established statutory or constitutional rights. In that instance, the court must abstain, because it would necessarily decide substantive constitutional issues that the state court must have the initial opportunity to resolve. *See, e.g., Id.; See also supra* note 2.

**5.** To determine whether a plaintiff(s) have standing, the Supreme Court has instructed us to examine the allegations for "a personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright,* 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984) (citing *Valley Forge Christian College v. Americans United For Separation of Church and State, Inc.,* 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70

L.Ed.2d 700 (1982)); *See Diamond v. Charles,* 476 U.S. 54, 62, 106 S.Ct. 1697, 1703, 90 L.Ed.2d 48 (1986); *Warth v. Seldin,* 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975). If this court were to make such an examination, it would be compelled to consider whether an injury, actual or threatened, has been alleged. Such a consideration would necessarily involve the court in resolving a legal issue—viz., whether the allegations rise to a constitutional or statutory violation—which may conceivably "overlap" pertinent legal issues in the habeas petition. Consequently, a wiser action for this court is to abstain from resolving the standing issue until the state court has had proper time to consider the issue.

**6.** When absolute immunity is present in a case, a complaint against the prison official or a member of the parole board may be considered frivolous. *See* 28 U.S.C. § 1915(d) (hereinafter Section 1915(d); *Neitzke v. Williams,* ⸺ U.S. ⸺, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). In order for the complaint to be categorized as frivolous, it must contain either an "indisputably meritless legal theory" (*i.e.* absolute immunity) or "factual contentions [that] are clearly baseless" (*i.e.* fantastical or delusional scenarios). *Neitzke,* 109 S.Ct. at 1833. Consequently, there would be no legal or factual issues to develop.

The standard for frivolous under Section 1915(d), however, differs from that of Rule

federal court would then effectively usurp the state's province to resolve its own errors. This would be repugnant to congressional policy dictating avoidance of such friction by requiring initial resort in habeas cases to the state court. *Harper,* 808 F.2d at 285.

While the opinion in *Harper* may be somewhat ambiguous when applied to such circumstances as presented in this case, this court must extrapolate from the language contained therein to determine the Third Circuit's fullest mandate. The court opined, which this court finds to be most compelling:

> Premature adjudication of the § 1983 case by a federal court would interfere with congressional policy requiring initial resort to state tribunals in habeas corpus petitions. To accommodate these concerns, it would be proper for the district court to stay Harper's 1983 action until he has had an opportunity to exhaust all state remedies on his habeas corpus claim. If, after exhaustion, Harper still has not received any relief, his petition for habeas corpus and his § 1983 claim could then be heard together in federal district court.

*Harper,* 808 F.2d at 285; *See Deakins v. Monaghan,* 484 U.S. 193, 202, 108 S.Ct. 523, 529–30, 98 L.Ed.2d 529 (1988). The Third Circuit further expressed this concern in a later decision when it stated:

> 'Where the federal court, in dealing with the question of damages caused by violation of civil rights, would have to make rulings by virtue of which the validity of a conviction in contemporary state proceedings would be called in question, the

potential for federal-state friction is obvious. The federal ruling would embarrass, and could even intrude into, the state proceeding.'

*Williams v. Hepting,* 844 F.2d 138, 144 (3d Cir.1988) (quoting *Guerro v. Mulhearn,* 498 F.2d 1249, 1253 (1st Cir.1974). The circuit court avoided that friction "by abstaining from deciding [the plaintiff's] allegations until the Pennsylvania Supreme Court has had a complete opportunity to review the circumstances surrounding [his] indictment and conviction." *Id.* at 144.[7] In these two opinions, the court cautioned against even a scintilla of interference with the state's authority.

Lastly, the policy argument presented by defendants is certainly relevant. Nonetheless, the preservation of the delicate balance between federal and state authority to resolve disputes is far more significant than the mere inconvenience to a federal court.

The court finds, as demonstrated by the analysis set forth above, the concerns expressed by the Third Circuit present in this case and, therefore, this court's Memorandum and Order dated February 26, 1990, comports with the underlying rationale espoused in *Harper.* Because of those concerns, the Section 1983 claims were properly stayed pending the exhaustion of state habeas remedies. Consequently, defendant's motion for reconsideration will be denied.

---

12(b)(6) of the Federal Rules of Civil Procedure (Rule 12(b)(6)). *Id.* at 1832; *Wilson v. Rackmill,* 878 F.2d 772, 774 (3d Cir.1989). A Rule 12(b)(6) motion merely allows for a dismissal of a *complaint for failure to state a claim.* The confines of Rule 12(b)(6) are not limited to utterly baseless claims, as under Section 1915(d). "On the contrary, if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' a claim must be dismissed." *Neitzke,* 109 S.Ct. at 1832; *see Wilson,* 878 F.2d at 774. As such, the substantive law must be applied to the factual allegations set forth in the complaint and the court must de-

cide whether those allegations can support a constitutional violation. The Rule 12(b)(6) standard may apply without regard to whether the claim is based "on an outlandish legal theory or on a close but unavailing one." *Id.*

When the claims, as those in the case at bar, however, are not clearly lacking in a legal or factual basis, then there is at least enough of a legal or factual dispute to allow the state tribunal to have the first shot at resolving them.

7. Although *Williams* involved allegations pertaining to an indictment and conviction, the lesson expounded by the court is well-taken in this case involving a parole violation.