Josue FIGUEROA

v.

Glennis CLARK, Lehigh County, Lehigh County District Attorneys Office, Maria Dantos, Michael Brunnabend, Frederick Charles, Charles Sieger, and James Heidecker.

No. 92–2867.

United States District Court, E.D. Pennsylvania.

Nov. 5, 1992.

**614**

Josue Figueroa, Allentown, PA, pro se.

Robert L. Steinberg, Dist. Atty., Allentown, PA, for defendants.

### MEMORANDUM

GILES, District Judge.

## I. INTRODUCTION

Plaintiff was tried on criminal charges in state court and convicted by a jury on July 18, 1988. He is currently incarcerated at Lehigh County Prison. On May 18, 1992, plaintiff filed a *pro se* 42 U.S.C. § 1983 civil rights complaint against Glennis Clark, former District Attorney of Lehigh County, Pennsylvania, the Lehigh County District Attorney's Office, and Michael Brunnabend, a public defender in the Lehigh County Public Defender Office. De-fendant Clark was the prosecutor at plaintiff's criminal trial. Defendant Brunnabend represented plaintiff at his arraignment and during the trial. Plaintiff's complaint alleged that the defendants conspired to deprive him of his right to a fair trial and sought damages and declaratory and injunctive relief.

In a Memorandum and Order dated June 1, 1992, this court dismissed as frivolous the claims against Glennis Clark and the Lehigh County District Attorney's Office because they were barred by the doctrine of prosecutorial immunity. The claims against public defender Michael Brunnabend were also dismissed, because a court appointed defense attorney is not acting under color of state law as is required to state a cause of action under 42 U.S.C. § 1983.

▮ The complaint alleged that defendant Brunnabend, while representing plaintiff, conspired with the district attorney's office to deprive plaintiff of a fair trial. Such a conspiracy may extend § 1983 liability to a non-state actor. However, the complaint made only general allegations of conspiracy without alleging specific facts. Such general allegations are insufficient to support a conspiracy-based § 1983 claim. Since plaintiff is *pro se*, the court's dismissal of the claim against Brunnabend was without prejudice, and plaintiff was given thirty days leave to file an amended complaint providing specific details about the alleged conspiracy. It was also ordered that the Clerk of the Court was not to serve the amended complaint until so ordered by the court.

Plaintiff filed an amended complaint on June 19, 1992. The court has reviewed the amended complaint and now orders that it be served on all defendants. However, further proceedings in this matter are stayed until plaintiff exhausts the state remedies that are available to him.

## II. THE AMENDED COMPLAINT

In the amended complaint, Glennis Clark, the Lehigh County District Attorney's Office and Michael Brunnabend are again

named as defendants. In addition, the amended complaint has added several new defendants: Frederick Charles, Maria Dantos, James Heidecker, Charles Sieger, and Lehigh County. The amended complaint alleges that Frederick Charles is Chief Public Defender of the Lehigh County Public Defender Office. Maria Dantos and James Heidecker are alleged to be public defenders who represented plaintiff at the pretrial stage of his criminal trial. Charles Sieger is allegedly an attorney appointed by the Lehigh County Court of Common Pleas to represent plaintiff on an appeal from his conviction.

The amended complaint alleges that all of the defendants conspired to deprive plaintiff of a fair criminal trial, and that this conspiracy was part of an official Lehigh County policy or practice. The amended complaint also alleges that Lehigh County violated plaintiff's due process rights when it transferred him from one prison to another.

It is convenient to consider the amended complaint's claims in four groups, which will be discussed at greater length below. Plaintiff asks the court to hold all defendants criminally liable for their actions. These claims are frivolous and are dismissed. The remaining civil claims are conveniently divided into three groups defined by defendants. First, we consider the civil claims against the "prosecutor defendants," Glennis Clark and the Lehigh County District Attorneys Office. Second, we consider the claims against the "public defender defendants," Michael Brunnabend, Frederick Charles, Maria Dantos, James Heidecker, and Charles Sieger. Finally, we consider the claims against Lehigh County.

### A. Criminal Claims Against All Defendants

█ Plaintiff has alleged that defendants' actions violate 18 U.S.C. §§ 241–42.

These sections establish *criminal* liability for certain deprivations of civil rights. Plaintiff cannot bring criminal charges against defendants through a private lawsuit, and these sections do not give rise to a civil cause of action. *U.S. ex rel. Savage v. Arnold,* 403 F.Supp. 172 (E.D.Pa.1975). Therefore, these claims are dismissed as frivolous as to all defendants.[1]

### B. The Prosecutor Defendants

█ Plaintiff's amended complaint attempts to state claims under 42 U.S.C. § 1983 against defendants Glennis Clark and the Lehigh County District Attorney's Office. All of these claims concern the prosecution of plaintiff's criminal case. To the extent that plaintiff seeks damages against these defendants these claims are barred by the doctrine of prosecutorial immunity. *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), and must therefore be dismissed as frivolous pursuant to 28 U.S.C. § 1915(d). However, plaintiff also seeks injunctive and declaratory relief against the prosecutor defendants. These claims for injunctive and declaratory relief cannot be dismissed as frivolous. Although prosecutors enjoy absolute immunity from damages liability under § 1983, they may be sued for declaratory and injunctive relief. *Supreme Court of Virginia v. Consumers Union of United States, Inc.,* 446 U.S. 719, 736–37, 100 S.Ct. 1967, 1977, 64 L.Ed.2d 641 (1980). Therefore, the complaint must be served on defendants Clark and Lehigh County District Attorney's Office.

### C. The Public Defender Defendants

█ Plaintiff attempts to state 42 U.S.C. § 1983 civil rights claims against his court appointed attorneys and the director of the public defender service. As the court explained in its earlier memorandum and order, a court appointed defense attor-

---

1. Plaintiff also makes allegations concerning 28 U.S.C. § 2201–02. It is not clear from the complaint if plaintiff is alleging that he has a cause of action under these sections or if he is aware that they are purely remedial in nature. These sections do not create substantive rights. *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); *Aralac, Inc. v. Hat Corp. of America,* 166 F.2d 286, 291 (3rd Cir.1948). Thus, to the extent that plaintiff meant to claim that he has a cause of action under 28 U.S.C. § 2201–02, these claims are dismissed as frivolous.

ney is generally not acting under color of state law for the purposes of a 42 U.S.C. § 1983 claim. *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). However, § 1983 liability may extend to a non-state actor acting in conspiracy with a state actor. *Dennis v. Sparks*, 449 U.S. 24, 27–28, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980). In particular, public defenders are not immune from § 1983 liability when they conspire with state officials to deprive their client of federal rights. *Tower v. Glover*, 467 U.S. 914, 104 S.Ct. 2820, 81 L.Ed.2d 758 (1984).[2]

■ Plaintiff's original complaint alleged a conspiracy between his attorneys and the District Attorney's Office. Such allegations are in principle sufficient to satisfy the state action requirements of a § 1983 claim. *Id.* However, plaintiff's original complaint was dismissed because it made only general allegations of conspiracy without alleging specific facts. Such general allegations are insufficient to support a § 1983 claim. *See Oatess v. Sobolevitch*, 914 F.2d 428, 431 n. 8 (3rd Cir.1990).[3] Since plaintiff is *pro se*, the dismissal was without prejudice and he was given leave to amend his complaint.

■ The amended complaint still suffers somewhat from vague allegations. However, the court finds that it contains enough specific allegations of conspiracy to preclude dismissing the claim as frivolous pursuant to 28 U.S.C. § 1915(d). "Dismissal under § 1915(d) is appropriate when the claims are based on an indisputably meritless legal theory or on clearly baseless factual contentions." *Wilson v. Rackmill*,

878 F.2d 772, 774 (3rd Cir.1989) (citing *Neitzke v. Williams*, 490 U.S. 319, 325–26, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989)). Because we find that the amended complaint does not "lack an arguable factual or legal basis," *Wilson*, 878 F.2d at 774, we order that it shall be served upon defendants Michael Brunnabend, Frederick Charles, Maria Dantos, James Heidecker, and Charles Sieger.[4]

### D. Defendant Lehigh County

Plaintiff's claims against Lehigh County are of two different types. Plaintiff alleges that Lehigh County denied him due process of law by transferring him from one prison to another without a hearing. *See* "Fourth Cause of Action v. Lehigh County," Supplemental Complaint ¶ 52. Plaintiff also alleges that the actions of the prosecutor and public defender defendants, which allegedly deprived plaintiff of a fair trial, arose from the "policies, rules and regulations" of the county. *See* "Ninth Cause of Action v. Defendant Lehigh County," Supplemental Complaint ¶ 57. He therefore seeks to state a § 1983 claim against the county under the theory of *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

■ Plaintiff's claim that the alleged violations of his rights arose from an official policy, practice or custom is vague and conclusory. Since plaintiff is *pro se*, our normal course would be to dismiss this part of the complaint without prejudice and give plaintiff leave to amend the complaint with more specific allegations. However, given the disposition of the case discussed below, there is no reason to do so at this time.

---

**2.** The amended complaint also cites 42 U.S.C. §§ 1985 & 1986. Section 1985 allows for recovery against private conspiracies in some circumstances. *See, e.g., Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). Statement of a § 1986 claim is predicated upon the establishment of a cause of action under § 1985. *Lyon v. Temple University of Commonwealth System of Higher Education*, 507 F.Supp. 471 (E.D.Pa.1981). Because of our disposition of the case, there is no need for the court to address the issue of liability under these sections at this time.

**3.** To state a such a conspiracy-based § 1983 claim in the third circuit, the complaint must

allege the specific conduct violating plaintiff's rights, the time and place of that conduct, and the identity of the responsible officials. *Oatess* (citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 666 (3rd Cir.1988), *cert. denied*, 489 U.S. 1065, 109 S.Ct. 1338, 103 L.Ed.2d 808 (1989)).

**4.** Our holding that the complaint is not frivolous, and therefore should be served on defendants does not imply any judgment about the actual merits of the claim. In particular, we make no judgment as to the ability of the complaint to survive a Rule 12(b)(6) motion to dismiss. *See Neitzke*, 490 U.S. at 325–26, 109 S.Ct. at 1831–32.

The complaint will therefore be served on defendant Lehigh County.

## III. STAY OF FURTHER PROCEEDINGS

■■■ Although the complaint is to be served, all further proceedings in this action are stayed until plaintiff has exhausted the remedies that are available to him in state courts. Exhaustion of state remedies is not normally required in a 42 U.S.C. § 1983 civil rights action. However, certain features of this case require the court to abstain from deciding plaintiff's claims at this time.[5]

At the core of all of plaintiff's allegations is the claim that he was deprived of a fair trial. Plaintiff alleges that the prosecution failed to provide exculpatory evidence, solicited perjurious testimony, and deprived him of a speedy trial. He alleges that his own attorneys and the public defender's office denied him the effective assistance of counsel by virtue of, among other things, conflicts of interest and failure to present exculpatory evidence. He further alleges that these alleged examples of inadequate representation grew out of a conspiracy between his attorneys, the public defender's office, and the district attorney's office, and that this conspiracy was part of an official policy or practice of the county.

■■■ Plaintiff's allegations amount to a claim that his conviction was obtained unconstitutionally. This is precisely the type of issue which is appropriately brought before a federal district court in the form of a petition for a writ of habeas corpus. However, a federal district court may consider a state prisoner's petition for a writ of habeas corpus only after all state remedies are exhausted. 28 U.S.C. § 2254(b) & (c); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). When a federal district court determines that there exists a possibility of state court review, a habeas petition should be dismissed without prejudice.

*See Hill v. Zimmerman*, 709 F.2d 232 (3rd Cir.1983), *cert. denied*, 464 U.S. 940, 104 S.Ct. 354, 78 L.Ed.2d 318 (1983).

It is apparent that plaintiff has not exhausted the state remedies which are available to him to correct the alleged constitutional violations which led to his conviction. Plaintiff has evidently not even exhausted his rights to direct appeal of his conviction, let alone his state post-conviction remedies. Thus, if his complaint were properly pled as a petition for a writ of habeas corpus, this court would have to dismiss his petition without prejudice to allow him to exhaust his state remedies.

■■■ Of course, this complaint is framed as a civil rights claim under 42 U.S.C. § 1983, rather than as a habeas petition. In general, there is no exhaustion of state remedies requirement for § 1983 actions. *Preiser v. Rodriguez*, 411 U.S. 475, 494, 93 S.Ct. 1827, 1838, 36 L.Ed.2d 439 (1973). However, the third circuit has "recognized that when factual and legal issues inherent in section 1983 and habeas corpus actions overlap, a federal court's premature determination adjudication of the section 1983 case would interfere with congressional policy requiring initial resort to state tribunals in habeas corpus petitions." *Williams v. Hepting*, 844 F.2d 138, 144 (3rd Cir.1988) (citing *Harper v. Jeffries*, 808 F.2d 281, 285 (3rd Cir.1986)), *cert. denied*, 488 U.S. 851, 109 S.Ct. 135, 102 L.Ed.2d 107 (1988).

The policy behind the exhaustion requirement is rooted in considerations of comity. The state must be given the "initial opportunity to pass upon and correct" alleged violations of petitioner's constitutional rights. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). "Where the federal court, in dealing with the question of damages caused by violations of civil rights, would have to make rulings by virtue of which the validity of a conviction in a contemporary state proceeding would be called into question,

---

5. As noted in this memorandum, some of the allegations in the complaint suffer from vagueness. Since further action on the complaint is stayed for the time being, it would be fruitless to give plaintiff leave to amend at this time. After plaintiff has exhausted his state remedies it may be necessary for defendants to form a responsive pleading to the complaint. At that time, if defendants find that the allegations of the complaint are so vague or ambiguous that they cannot reasonably frame a responsive pleading, they may file a motion for a more definite statement. *See* Fed.R.Civ.Pro. 12(e).

the potential for federal-state friction is obvious. The federal ruling would embarrass, and could even intrude into, the state proceeding." *Williams,* 844 F.2d at 144 (quoting *Guerro v. Mulhearn,* 498 F.2d 1249, 1253 (1st Cir.1974)).

In response to these concerns, the third circuit has developed a limited exhaustion requirement for § 1983 civil rights claims when the "civil rights damages action challenges the fact of confinement by attacking the underlying criminal conviction that caused the confinement." *Williams,* 844 F.2d at 144. The proper procedure in this situation is to stay plaintiff's civil rights claims while he pursues his state remedies. *Id.*

The court finds that the factual and legal issues raised by the amended complaint are inseparably linked to the question of whether plaintiff's conviction was constitutionally obtained. All of the allegations against the prosecutor and public defender defendants clearly have the fairness of plaintiff's trial at their core. This is also true of the claims against Lehigh County alleging that the prosecutors and public defenders were acting in accordance with county policy or practice.

The allegation that plaintiff was denied due process of law when he was transferred from one prison to another has a more complex relationship to the question of whether he received a fair trial. In general such a claim need not implicate any issues concerning the validity of plaintiff's criminal conviction, since the only issue is whether or not plaintiff was accorded the procedural safeguards which the constitution and state law require. However, plaintiff alleges that the transfer was part of an ongoing conspiracy to deny him access to his attorneys and witnesses for his defense, and to punish him for his attempts to overcome the conspiracy against him by proceeding *pro se* in his criminal case. Thus, even this due process claim is inextricably linked to the claims that plaintiff was denied a fair trial.

Because the factual and legal issues raised in this civil rights complaint cannot be addressed without making decisions which directly implicate the validity of plaintiff's criminal conviction, the court will abstain from further consideration of plaintiff's allegations until they are presented to and ruled upon by the state courts. If, after he has exhausted his state remedies, plaintiff has not received relief, his claim will be properly before this court, and the court will consider his claims. *Williams,* 844 F.2d at 143–45.[6]

---

**6.** The presence of 42 U.S.C. §§ 1985 and 1986 claims in addition to § 1983 claims does not affect the above analysis. *See, e.g., Williams* (requiring exhaustion for claims under 42 U.S.C. §§ 1981, 1983, 1985, 1986). In addition, our dismissal of plaintiff's damages claims against the prosecutor defendants is not affected by the conclusion that plaintiff's other claims

must be stayed rather than dismissed. Our decision to dismiss the damages claims against the prosecutors is based solely upon prosecutorial immunity from damages liability under § 1983. Therefore, it has no implications for the underlying claim that plaintiff was denied a fair trial. *See Clifford v. Jacobs,* 739 F.Supp. 957, 959–60 (M.D.Pa.1990).