**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2344
_____

NEVENKA OBUSKOVIC,
                                        Appellant

v.

KATHLEEN L. WOOD, ESQ.; ALTMAN
LEGBAND & MAYRIDES; JOEY H. PARNETT;
WOW ENTERTAINMENT INC; MICHAEL
NIESCHMIDT, ESQ., NIESCHMIDT LAW OFFICE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 15-cv-07520)
District Judge: Michael A. Shipp
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 16, 2018

Before: GREENAWAY, JR., RESTREPO, and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 11, 2019)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Nevenka Obuskovic appeals from an order of the District Court dismissing her amended complaints pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, we will affirm.

Obuskovic and her husband, Joey H. Parnett, were parties to divorce proceedings in 2013 in the New Jersey Superior Court, Chancery Division, Family Part, Mercer County. The Honorable Catherine Fitzpatrick was assigned to the matter. Parnett retained Kathleen L. Wood and her firm, Altman Legband & Mayrides, to represent him. Parnett also retained Michael Nieschmidt and his firm, Nieschmidt Law Office. Obuskovic retained a series of attorneys and then dismissed them because she was not satisfied with their services. On September 21, 2015, the day of the divorce trial, Obuskovic filed objections with the Superior Court claiming that she could no longer attend any hearings due to her anxiety and because she was no longer represented by counsel. On September 29, 2015, Judge Fitzpatrick informed Obuskovic that the trial had proceeded without her.

On October 15, 2015, Obuskovic filed a pro se civil rights complaint in the United States District Court for the District of New Jersey against Parnett, Judge Fitzpatrick and the Superior Court, Wood and her firm Altman Legband, WOW Entertainment,[1] and Nieschmidt and his firm. She alleged a violation of her due process rights and asserted a claim of intentional infliction of emotional distress. Obuskovic specifically alleged that Parnett obtained a home equity loan of $58,000 and, at Wood's direction, distributed this

---

[1] The assets of WOW Entertainment, Inc., the couple's company, were in dispute in the divorce proceedings.

2

money for attorney fees and mediation costs. She alleged that Judge Fitzpatrick conspired with Wood and the other defendants to deprive her of any of this money, and that the defendants interfered with her right to independent legal representation by denying her funds to retain counsel. Obuskovic further alleged that Wood deprived her of access to WOW Entertainment's assets; and that Parnett was being coerced by Wood to cause her (Obuskovic) mental anguish and extreme emotional distress, all in an attempt to drive her to suicide. Obuskovic sought money damages from each defendant in the amount of $250,000.00, and an order enjoining the defendants from continuing to cause her emotional distress.

The defendants moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1), and Obuskovic moved for leave to file an amended complaint. In an order filed on October 31, 2016, the District Court granted the defendants' motions but granted leave to Obuskovic to amend her complaint, see Obuskovic v. Wood, 2016 WL 6471023 (D.N.J. Oct. 31, 2016). The Court dismissed all claims against the Superior Court of New Jersey under the Eleventh Amendment, and all claims against Judge Fitzpatrick pursuant to the doctrine of judicial immunity.[2] With respect to Obuskovic's § 1983 claim, the Court determined that the allegations in the complaint did not plausibly state an agreement among the defendants to conspire against Obuskovic in connection with the matrimonial proceedings in state court.

---

[2] The Eleventh Amendment immunizes States and their agencies from suits for damages in federal court, see Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100-02 (1984). In addition, a judge is absolutely immunized from a suit for money damages under § 1983 when she acts in a judicial capacity, Pierson v. Ray, 386 U.S. 547 (1967).

Obuskovic then filed an amended complaint, naming as defendants only Parnett, Wood and her firm Altman Legband, WOW Entertainment, and Nieschmidt and his firm. She alleged a violation of her right to due process and equal protection; a conspiracy to violate 26 U.S.C. § 529; and intentional infliction of emotional distress. Obuskovic's § 1983 due process and equal protection claims again were based on an alleged conspiracy between the defendants and Judge Fitzpatrick, although Judge Fitzpatrick was no longer named as a defendant. With respect to § 529, Obuskovic alleged that the defendants had improperly refused to transfer the college fund account to her, which the couple's son needed because he was starting college.

The defendants moved to dismiss the amended complaint. In an order filed on August 9, 2017, the District Court again granted the defendants' motions but again granted leave to Obuskovic to amend her complaint, see Obuskovic v. Wood, 2017 WL 3429386 (D.N.J. Aug. 9, 2017). The Court concluded that the allegations in the amended complaint did not plausibly state an agreement between the defendants and Judge Fitzpatrick to conspire against Obuskovic in violation of her federal constitutional rights; and that § 529 of the Internal Revenue Code did not provide her any basis for relief from state court equitable distribution orders in federal court. The Court declined to exercise supplemental jurisdiction over the intentional infliction of emotional distress claim.

Obuskovic then filed a second amended complaint, which was essentially the same as her first amended complaint, although she added a claim under 42 U.S.C. § 1985(3) and a claim for common law fraud. The defendants moved to dismiss the second amended complaint. In an order entered on May 16, 2018, the District Court granted the

4

defendants' motions and dismissed Obuskovic's second amended complaint with prejudice.[3]  See Obuskovic v. Wood, 2018 WL 2234898 (D.N.J. May 16, 2018).

Obuskovic appeals.  We have jurisdiction under 28 U.S.C. § 1291.  In her Informal Brief, Obuskovic has argued generally that the District Court incorrectly decided the claims she raised in her amended complaints, and she has added a new claim on appeal for "slavery" and "peonage."  Specifically, she contends that she was "forced" to represent herself as a result of the defendants' actions.  We exercise plenary review over a Rule 12(b)(6) dismissal.  See Weston v. Pennsylvania, 251 F.3d 420, 425 (3d Cir. 2001).  We "are free" to affirm the judgment "on any basis which finds support in the record."  Bernitsky v. United States, 620 F.2d 948, 950 (3d Cir. 1980).

We will affirm.  A Rule 12(b)(6) motion tests the sufficiency of the factual allegations contained in the complaint.  See Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  A motion to dismiss should be granted if the plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  We look for "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of" a claim for relief.  Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).

---

[3] Meanwhile, a Final Judgment of Divorce was entered by the state court on March 2, 2018.

Section 1983 provides a cause of action to redress federal constitutional violations caused by officials acting under color of state law. Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 941 (1982). Here, Obuskovic alleges a deprivation of her property in violation of due process, Appellant's Informal Brief, at 24-25, but the defendants named in both amended complaints are private citizens and not state actors. Liability would attach if a private party conspired with a state actor, Dennis v. Sparks, 449 U.S. 24, 27-28, but the District Court properly concluded that Obuskovic's vague allegations of a conspiracy involving the defendants and Judge Fitzpatrick to defraud her of her share of the marital property did not satisfy the plausibility standard of Rule 12(b)(6). "To properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 178 (3d Cir. 2010) (citing D.R. v. Middle Bucks Area Vocational Technical School, 972 F.2d 1364, 1377 (3d Cir. 1992)). The amended complaints allege nothing more than Obuskovic's dissatisfaction with the rulings of the matrimonial court. "'[M]erely resorting to the courts and being on the winning side of a lawsuit does not make [the winning] party a co-conspirator or joint actor with the judge.'" Id. (quoting Dennis, 449 U.S. at 28). Moreover, although "[f]ees in family actions are normally awarded to permit parties with unequal financial positions to litigate (in good faith) on an equal footing," Kelly v. Kelly, 620 A.2d 1088, 1090 (N.J. 1992), notably, Obuskovic was represented by numerous attorneys; her assertion that she was "forced" to proceed pro se at the divorce trial is not plausible.

Section 1985(3) of title 42 provides a cause of action where a conspiracy, even by private actors, violates a plaintiff's federal rights. See Wilson v. Rackmill, 878 F.2d 772, 775 (3d Cir. 1989). It requires a plaintiff to allege that invidious racial or otherwise class-based discriminatory animus lay behind the defendants' actions, and she must set forth facts from which a conspiratorial agreement between the defendants can be inferred. See Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-68 (1993).[4] Even if Obuskovic is a member of a protected class, her conclusory statements of a conspiracy to deprive her of her constitutional rights in connection with the divorce proceedings are insufficient under Twombly, 550 U.S. at 570, to state a section 1985(3) claim. Obuskovic alleged no facts in her two amended complaints from which a conspiratorial agreement can be inferred.

Last, the District Court's decision not to exercise supplemental jurisdiction is reviewed for an abuse of discretion. See Hudson United Bank v. LiTenda Mortgage Corp., 142 F.3d 151 (3d Cir. 1998). A District Court has discretion to "decline to exercise supplemental jurisdiction over a claim ... if ... (3) the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c) (3). Because the

---

[4] The District Court noted further that, in Brown v. Philip Morris Inc., 250 F.3d 789, 805 (3d Cir. 2001), we stated with respect to private conspiracies, that the United States Supreme Court has recognized only two protected rights under § 1985(3): the right to be free from involuntary servitude and the right to interstate travel. It appears that this reference has given rise to Obuskovic's new claim on appeal of "slavery" and "peonage." Although we generally do not consider arguments that were not raised before the District Court, see Appalachian States Low-Level Radioactive Waste Commission v. Pena, 126 F.3d 193, 196 (3d Cir. 1997), Obuskovic's assertion that she was "forced" to proceed pro se at the divorce trial is not plausible.

7

Court dismissed all claims over which it had original jurisdiction, it properly declined to exercise supplemental jurisdiction over Obuskovic's intentional infliction of emotional distress and fraud claims.[5]

For the foregoing reasons, we will affirm the orders of the District Court dismissing Obuskovic's amended complaints.

---

[5] Section 1367(d) provides for tolling of the limitation periods where appropriate. 28 U.S.C. § 1367(d).