

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-28-2008

# James Evans v. Superintendent

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2208

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"James Evans v. Superintendent" (2008). *2008 Decisions.* Paper 314.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/314

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-11                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2208
_____

JAMES D. EVANS,

                                                            Appellant

v.

SUPERINTENDENT OF S.C.I. GRATERFORD; GERALD L. ROZUM,
Superintendent; JEFFREY A. BEARD, Secretary of Corrections;  JOSEPH W.
VISINSKY, Chief Health Care Administrator; PRISON HEALTH SERVICES INC;
SECRETARY OF DEFENSE; SECRETARY OF DEPARTMENT OF HOMELAND
SECURITY; ANTHONY TETHER, Director of The Defense Advanced Research
Projects Agency; DIRECTOR /CHIEF OF THE NATIONAL SECURITY
AGENCY/CENTRAL SECURITY SERVICE; DIRECTOR OF NATIONAL
INTELLIGENCE; NATIONAL COUNTERINTELLIGENCE EXECUTIVE; GEORGE
W. BUSH, President of The United States; REPUBLIC OF IRAQ; A CITIZEN OF
IRAQ; DEPARTMENT OF DEFENSE; DEPARTMENT OF HOMELAND SECURITY;
DEFENSE ADVANCED RESEARCH PROJECTS AGENCY; CENTRAL
INTELLIGENCE AGENCY; NATIONAL SECURITY AGENCY/CENTRAL
SECURITY SERVICE; OFFICE OF THE  DIRECTOR OF NATIONAL
INTELLIGENCE; OFFICE OF THE NATIONAL
COUNTERINTELLIGENCE EXECUTIVE

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 07-cv-05146)
District Judge:  Honorable John P. Fullam

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 17, 2008
Before:   BARRY, AMBRO and SMITH, <u>Circuit</u> <u>Judges</u>

_____

OPINION

_____

PER CURIAM

James D. Evans, a Pennsylvania state prisoner proceeding pro se, appeals from the

District Court's order dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

For the foregoing reasons, we will vacate and remand for further proceedings.

I.

Evans filed in the District Court a motion for leave to proceed in forma pauperis

("IFP") and apparently submitted a complaint. He also filed a motion for a temporary

restraining order/preliminary injunction, together with a supporting declaration, and

motions for the appointment of counsel, service by a United States Marshal, and for

"extraordinary relief." These motions refer to and purport to summarize Evans's

complaint. The complaint itself does not appear on the docket and is not contained in the

record, apparently because, as discussed below, the District Court never ruled on Evans's

motion to proceed IFP.

Evans's motion for an injunction, however, asserts three claims. First, he claims

that prison officials are using an otherwise-unspecified device to "torture and rape" him

by, inter alia, sexually arousing him and reading his mind. Second, Evans claims that

certain federal governmental agencies and officials have wrongfully denied his requests

under the Freedom of Information Act ("FOIA") for, inter alia, a report concerning the aforementioned device prepared by an Iraqi intelligence agent. Finally, Evans alleges that prison officials or employees have confiscated and censored his incoming and outgoing mail and have opened it outside of his presence. Among the forms of relief that Evans requested was an injunction requiring prison officials to "[p]rovide plaintiff with all of his privileged mail from government officials/agencies unopened . . ., unread, uncensored and unconfiscated."

The District Court, without ruling on Evans's motion to proceed IFP or on any of his others, dismissed this case by order entered March 25, 2008. That order reads in its entirety:

> AND NOW, this 25th Day of March, 2008, it is ORDERED that the Plaintiff's case is DISMISSED pursuant to 28 U.S.C. [§] 1915(e)(2)(B)(i). Plaintiff's claims lack an arguable basis in law or fact. The Clerk is directed to mark the case filed closed.

Evans filed a timely notice of appeal, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

The statute relied on by the District Court requires dismissal of IFP complaints that are "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is "frivolous" if it "'lacks an arguable basis either in law or in fact.'" Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citation omitted). Ordinarily, we would exercise plenary review over that issue. See Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). In this case, however, our

3

review is hampered by the procedural posture in which the District Court dismissed Evans's complaint. "When a complaint is accompanied by a motion to proceed [IFP], rather than by payment of a filing fee, the complaint is not docketed, and it is therefore not filed, until the motion has been granted." Oatess v. Sobolevitch, 914 F.2d 428, 429 n.1 (3d Cir. 1990). In this case, the District Court never ruled on Evans's IFP motion, so his complaint, which was not yet subject to dismissal under § 1915(e)(2)(B), was never docketed in the District Court and is not part of the record on appeal. See Fed. R. App. P. 10(a).

In an appropriate case, we might be inclined to treat a similar order as a grant of IFP status sub silentio and to overlook this technical defect. Such a case might have been presented if Evans's filings referred only to the "device" described above. See Denton, 504 U.S. at 32-33 (explaining that complaint is factually frivolous where its allegations are "fanciful," "fantastic," delusional," or "rise to the level of the irrational or wholly incredible"). Evans's filings, however, also accuse prison officials of confiscating and censoring his outgoing and incoming mail. Evans claims, for example, that prison officials confiscated mail addressed to him by the Department of Homeland Security, and he has attached supporting documentation. Thus, although we express no opinion on the matter, it appears that his complaint may state a potentially-actionable claim. See, e.g. Jones v. Brown, 461 F.3d 353, 358 (3d Cir. 2006) (explaining that prisoners retain their "First Amendment right to use of the mails"); Nasir v. Morgan, 350 F.3d 366, 369-71 (3d Cir. 2003) (discussing framework for analyzing prisoners' First Amendment claims

4

regarding mail restrictions). At the very least, Evans's claim in this regard may be such that the District Court should have afforded him leave to amend his complaint before dismissing it. See Phillips v. County of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008).

Accordingly, we will vacate the order of the District Court and remand. On remand, the District Court should rule expressly on Evans's IFP motion. If the District Court grants Evans leave to proceed IFP (as we have), then it should apply § 1915(e)(2)(B) and, if it again decides that dismissal without leave to amend is warranted, should explain why. Evans's motion to proceed on the original record is granted. His motion for the appointment of counsel in this Court is denied.