914 F.2d 428
 Dale OATESS, Appellant,
v.
Nancy M. SOBOLEVITCH, Philip B. Friedman, Honorable William
E. Pfadt, Timothy Lucas, Ralph Lurker, Judge James B. Dwyer,
Michelle M. Hawk, Esquire, Nancy E. Gilberg, Esquire, Irving
Murphy, Esquire, Kenneth D. Chestek, Esquire, Appellees.
 No. 90-3048.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule 12(6)
July 12, 1990.
 Decided Sept. 19, 1990.
 
 Dale Oatess, Cresson, Pa., pro se.
 Nancy M. Sobolevitch, Philadelphia, Pa., pro se.
 Philip B. Friedman, Ambrose & Friedman, Erie, Pa., pro se.
 Timothy Lucas, Erie, Pa., pro se.
 Ralph Lurker, Erie, Pa., pro se.
 Judge James Dwyer, Erie, Pa., pro se.
 Michelle M. Hawk, Erie, Pa., pro se.
 Nancy Gilberg, Philadelphia, Pa., pro se.
 Irving Murphy, MacDonald, Illig, Jones and Britton, Erie, Pa., pro se.
 Kenneth D. Chestek, Erie, Pa., pro se.
 Before BECKER, GREENBERG and VAN DUSEN, Circuit Judges.
 OPINION OF THE COURT
 BECKER, Circuit Judge.
 
 
 1
 This is an appeal from the sua sponte Fed.R.Civ.P. 12(b)(6) dismissal by the district court of a pro se civil rights complaint after the grant to the plaintiff of leave to proceed in forma pauperis, 28 U.S.C. Sec. 1915(a), but before service of the complaint upon the defendants. The appeal requires us to decide whether the district court properly dismissed the complaint under these circumstances. We conclude that it did not. We will therefore vacate the district court's order and remand for further proceedings.
 
 I.
 
 2
 Plaintiff, Dale Oatess, is an inmate at the State Correctional Institution at Cresson, Pennsylvania. On June 12, 1989, he submitted his civil rights complaint and motion to proceed in forma pauperis to the District Court for the Western District of Pennsylvania.[1] Oatess' complaint alleged that defendants had conspired to ensure the dismissal of a civil case which he had filed in the Court of Common Pleas of Erie County, Pennsylvania. The defendants in the federal suit were two state court judges, a prosecuting attorney, several court administrators, and several private attorneys.
 
 
 3
 The district court referred the case to a United States Magistrate under 28 U.S.C. Sec. 636(b). After granting plaintiff leave to proceed in forma pauperis, the magistrate filed a report, recommending dismissal of the complaint for failure to state a claim upon which relief could be granted.[2] The magistrate notified Oatess, as required under 28 U.S.C. Sec. 636(b)(1), that he had ten days in which to file exceptions to the report. Oatess filed timely exceptions, which were reviewed by the magistrate and found to be without merit.[3] The district court adopted the report and recommendation, and dismissed the complaint, not as legally frivolous under 28 U.S.C. Sec. 1915(d), but for failure to state a claim upon which relief could be granted, under Rule 12(b)(6). There is no indication in the record that summonses were ever issued to plaintiff or complaints served upon defendants. This appeal followed.[4]
 
 II.
 
 4
 A complaint that is filed in forma pauperis under 28 U.S.C. Sec. 1915(a) is subject to dismissal by the district court under 28 U.S.C. Sec. 1915(d) only if it is frivolous or malicious. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). As Neitzke made clear, a complaint may fail to state a claim upon which relief may be granted under Rule 12(b)(6) but not be frivolous within the meaning of Sec. 1915(d). Id. at 1829. In the ordinary course, if the complaint is not frivolous so as to warrant dismissal at the initiation of the suit under Sec. 1915(d), it should proceed as any civil case would and be governed by the usual civil procedures, including Rule 12(b)(6) if appropriate. This reasoning is implicit in Roman v. Jeffes, 904 F.2d 192 (3d Cir.1990), where we ruled that a district court could not dismiss an action under 28 U.S.C. Sec. 1915(d) after the granting of in forma pauperis status and the service of the complaint. As we discuss below, this reasoning also leads us to the conclusion that a district court cannot sua sponte dismiss a complaint under Rule 12(b)(6) before service of process.[5]
 
 
 5
 While there are no time constraints in Rule 12(b)(6) for the filing of motions or the dismissal of complaints, other procedural requirements suggest that service of process first be accomplished before consideration of dismissal. For instance, Fed.R.Civ.P. 4(a) commands the clerk to issue forthwith a summons to plaintiff upon the filing of a complaint.[6] The requirement of 28 U.S.C. Sec. 1915(c)[7] that the court shall serve all process also indicates that once leave to proceed in forma pauperis is granted, and the complaint is not dismissed as frivolous under 28 U.S.C. Sec. 1915(d), the case should go forward. Dismissal of the complaint under Rule 12(b)(6) prior to service is inconsistent with these rules, and it interferes with the orderly process of the case. As we explained in Wilson v. Rackmill, 878 F.2d 772 (3d Cir.1989).
 
 
 6
 To be dismissed as frivolous, the complaint must lack an arguable factual or legal basis. If the complaint arguably states a claim, then it should go forward so that the defendants can answer and plaintiff can receive notice of the possibility of Rule 12(b)(6) dismissal and the need to amend his complaint in order to properly state a legal claim.
 
 
 7
 Id. at 774. To allow dismissal under Rule 12(b)(6) prior to service would be to equate this rule with 28 U.S.C. Sec. 1915(d), an interpretation the Supreme Court rejected in Neitzke.
 
 
 8
 Other concerns arise if dismissal under Rule 12(b)(6) occurs before service of process. In bypassing the procedural requirement of service and acting without the opposing party's input, the district court bypasses our tradition of adversarial proceedings. The judge may be perceived as having abandoned the role of neutral arbiter. Ricketts v. Midwest National Bank, 874 F.2d 1177, 1184 (7th Cir.1989); Tingler v. Marshall, 716 F.2d 1109, 1111 (6th Cir.1983); Franklin v. State of Oregon, 662 F.2d 1337, 1342 (9th Cir.1981). While a judge could always give notice that the complaint might not pass muster under Rule 12(b)(6) and invite a responsive memorandum, when this is done before service of process the court may appear to be conducting a private litigation with the plaintiff while the defendant sits on the sidelines. As a matter of law and policy, we think that inappropriate, especially when the plaintiff is proceeding pro se.
 
 
 9
 Additional problems present themselves when dismissal on the merits occurs before service. Rather than promoting efficient case management, premature dismissal often results in greater inefficiency. While the district court may aim to clear its docket of what appears to be a meritless case and relieve the defendants of the time and expense needed to respond, if an appeal is taken the case shuttles between the district and appellate courts. Lewis v. State of New York, 547 F.2d 4, 6 (2d Cir.1976). Moreover, the appellate court, too, will likely be without the aid of opposing counsel to clarify the issues. Tingler, 716 F.2d at 1111 n. 3; Franklin, 662 F.2d at 1341. As other circuits have found, such results demonstrate the wisdom of requiring service of process before evaluating the sufficiency of the complaint. See Ricketts, 874 F.2d at 1184 (and cases cited).
 
 
 10
 For the foregoing reasons, the district court's dismissal of the complaint under Rule 12(b)(6) prior to service of process was improper. Accordingly, the court's order of dismissal will be vacated and this case remanded for service of process and further proceedings.[8]
 
 
 11
 VAN DUSEN, Senior Circuit Judge, concurring in the judgment but dissenting from the holding.
 
 
 12
 The majority holds that an in forma pauperis complaint may not be dismissed by a district court for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6), prior to service of process. The majority acknowledges that Rule 12(b)(6) itself contains no such limitation, majority opinion at 430, and implicitly acknowledges that sua sponte dismissals are ordinarily allowed, majority opinion at 430 n. 5,[1] but gives three reasons for its holding: first, the Supreme Court's holding in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), to the effect that a complaint which fails to state a claim upon which relief can be granted is not automatically frivolous under 26 U.S.C. Sec. 1915(d), majority opinion at 430; second, the fact that Fed.R.Civ.P. 4(a) provides that "upon the filing of the complaint the clerk shall forthwith issue a summons to the plaintiff or the plaintiff's attorney, who shall be responsible for prompt service of the summons," majority opinion at 430-431; and third, that allowing sua sponte dismissals prior to service bypasses the tradition of adversarial proceedings and might result in greater judicial inefficiency because an appeal from the sua sponte dismissal might be taken and because the court will not have the benefit of opposing counsel to clarify the issues, majority opinion at 431. I cannot agree, and hence respectfully dissent from the majority's holding.
 
 
 13
 I first discuss the majority's conclusion that Fed.R.Civ.P. 4(a) precludes Rule 12(b)(6) dismissals prior to service of process. While the majority is certainly correct that Rule 4(a) requires the clerk to issue a summons to plaintiff upon the filing of the complaint and the plaintiff to promptly serve it, Rule 4(a) does not mention the issue of whether or when suits may be dismissed, and I do not see how it follows that the complaint may not be dismissed before process is served for failure to state a claim upon which relief can be granted.
 
 
 14
 While it is true that allowing district courts to use Rule 12(b)(6) to dismiss suits before a summons is issued might result in situations where a summons need not be issued due to the dismissal of the case, I do not find such a situation to be fundamentally incompatible with Rule 4(a).[2] It is also true that a situation could arise where a complaint was dismissed after the clerk had issued a summons to the plaintiff but before plaintiff had served it on the defendant. I also do not see how this fundamentally implicates Rule 4(a). If the plaintiff were aware of the dismissal, he would then fail to serve the summons and complaint. If the plaintiff were not aware, he would serve the summons and complaint, and the defendant would appear at the Courthouse to file an answer only to learn that the suit against him had been dismissed, an outcome with which it is unlikely he would be disappointed.[3]
 
 
 15
 I also cannot agree with the majority that Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), precludes Rule 12(b)(6) dismissal of an in forma pauperis complaint before service of process. As I read Neitzke, it holds only that 28 U.S.C. Sec. 1915(d) and Fed.R.Civ.P. 12(b)(6) are distinct, were enacted for different purposes, and that a complaint which fails to state a claim upon which relief can be granted, while dismissable under Rule 12(b)(6), is not automatically frivolous for purposes of 28 U.S.C. Sec. 1915(d). Were we dealing in some way with a local court rule or policy that allowed only in forma pauperis complaints to be dismissed prior to service of process, I would agree that Neitzke might be implicated. However, there is no such policy or local rule at issue here, and, indeed, the majority has apparently held that all complaints, in forma pauperis or not, may not be dismissed prior to service of process.
 
 
 16
 Nor can I agree with the majority that our tradition of adversarial proceedings and concerns of judicial economy dictate a conclusion prohibiting pre-service of process dismissals. While it certainly is true that allowing the district court judge to sua sponte dismiss makes the proceeding less adversarial as to the plaintiff vis-a-vis the defendant, and may even create a perception that the judge has abandoned his role of neutral arbiter, the same is true when a judge sua sponte dismisses suits as frivolous under 28 U.S.C. Sec. 1915(d), or indeed even when he sua sponte dismisses a case for failure to state a claim upon which relief can be granted after service of process.[4] I also cannot agree with the majority's assertion that permitting sua sponte, pre-service of process, dismissals would impact detrimentally on judicial economy. Rather, allowing a district court to dismiss a case as soon as it becomes apparent that it fails to state a claim upon which relief can be granted would appear to preserve judicial economy by allowing the district court to rapidly enter a final judgment without the necessity of spending further time on the matter. While the majority is correct that an appeal from such an order may be taken, an appeal may be taken from whichever order finally disposes of a case in the district court.[5]
 
 
 17
 Accordingly, because this court has previously concluded that Rule 12(b)(6) dismissals may be made sua sponte, Roman v. Jeffes, 904 F.2d 192, 196 (3d Cir.1990); Bryson v. Brand Insulations, Inc., 621 F.2d 556, 559 (3d Cir.1980), because Rule 12(b)(6) does not indicate that there is any requirement that dismissals made pursuant to it occur after service of process, and because I cannot say that sua sponte, pre-service of process, Rule 12(b)(6) dismissals are precluded as a matter of law, I respectfully dissent from the majority's holding that a district court may not dismiss an in forma pauperis complaint for failure to state a claim upon which relief may be granted prior to service of process.
 
 
 18
 Although I dissent from the majority's holding, I agree that the dismissal in the present case must be reversed. This is because plaintiff was not given an opportunity to amend his complaint to cure its defects, as is required by Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1834, 104 L.Ed.2d 338 (1989), and Colburn v. Upper Darby Tp., 838 F.2d 663, 666 (3d Cir.1988), cert. denied, --- U.S. ----, 109 S.Ct. 1338, 103 L.Ed.2d 808 (1989).
 
 
 19
 Therefore, although I dissent from the holding of the court, I join in the judgment.
 
 
 
 [1]
 When a complaint is accompanied by a motion to proceed in forma pauperis, rather than by payment of a filing fee, the complaint is not docketed, and it is therefore not filed, until the motion has been granted
 
 
 [2]
 It is clear that the recommendation of the magistrate was for a dismissal pursuant to Rule 12(b)(6), though he never cites this rule. On the third page of the report and recommendation, the magistrate specifically discusses what is needed to survive a motion to dismiss. However, there is no such motion on the district court docket, nor could one have been filed, since the defendants were never served in this case
 
 
 [3]
 After objections are filed to a report and recommendation, the district court is obliged to conduct a de novo review. 28 U.S.C. Sec. 636(b)(1). Nothing in the statute suggests that the magistrate may review the objections to his own report or comment on them. However, since the district court ultimately gave these matters a de novo review, there was no harm. In any event, while the magistrate may have followed improper procedures in this regard, the plaintiff does not raise this as an issue on appeal
 
 
 [4]
 Normally, when a litigant is granted leave to proceed in forma pauperis by the district court, this status carries over in the Court of Appeals. Fed.R.App.P. 24(a). However, if the district court dismisses the case as frivolous under 28 U.S.C. Sec. 1915(d), the litigant must reapply to this Court to proceed in forma pauperis on appeal, since a finding of frivolousness is viewed as a certification that the appeal is not taken in good faith. 28 U.S.C. Sec. 1915(a); Fed.R.App.P. 24(a). Dismissal of a complaint by the district court under Rule 12(b)(6) or any other rule does not negate the in forma pauperis status. Because the district court dismissed the complaint using the language of Rule 12(b)(6), and not as frivolous under 28 U.S.C. Sec. 1915(d), there was no need to again grant Oatess leave to proceed in forma pauperis. However, we granted in forma pauperis status on appeal out of an excess of caution
 
 
 [5]
 We do not address here the scope of a district court's sua sponte dismissal power under Rule 12(b)(6) after service of process. This issue has been recognized but left open by the Supreme Court. Neitzke, 109 S.Ct. at 1834 n. 8. We have observed that a district court might, sua sponte, raise the issue of the deficiency of a complaint under Rule 12(b)(6), so long as the plaintiff is accorded an opportunity to respond. Roman, 904 F.2d at 196; Dougherty v. Harper's Magazine Co., 537 F.2d 758, 761 (3d Cir.1976)
 
 
 [6]
 "Upon the filing of the complaint the clerk shall forthwith issue a summons to the plaintiff or the plaintiff's attorney, who shall be responsible for prompt service of the summons and a copy of the complaint. Upon request of the plaintiff separate or additional summons shall issue against any defendants." Fed.R.Civ.P. 4(a)
 
 
 [7]
 "The officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases." 28 U.S.C. Sec. 1915(c)
 
 
 [8]
 Keeping in mind that all well-pleaded allegations are to be taken as true and dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief, we note for the benefit of the district court on remand that a Rule 12(b)(6) dismissal might not have been appropriate even if the district court had followed proper procedure. First, the allegation of a biased proceeding in the state court is sufficient to allege a constitutional violation. See Johnson v. Mississippi, 403 U.S. 212, 216, 91 S.Ct. 1778, 1780, 29 L.Ed.2d 423 (1971) (per curiam). Second, the defendant private attorneys appear to have acted under color of state law through their alleged conspiracy with the state actors. Tower v. Glover, 467 U.S. 914, 104 S.Ct. 2820, 81 L.Ed.2d 758 (1984); Dennis v. Sparks, 449 U.S. 24, 27-28, 101 S.Ct. 183, 186-187, 66 L.Ed.2d 185 (1980). Third, the complaint appears to be stated with sufficient specificity for a conspiracy claim in that it alleges the specific conduct violating plaintiff's rights, the time and place of that conduct, and the identity of the responsible officials. Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3d Cir.1988), cert. denied, --- U.S. ----, 109 S.Ct. 1338, 103 L.Ed. 2d 808 (1989)
 While the district court relied on several affirmative defenses in dismissing this action, we also note that it is doubtful whether absolute immunity should have been applied to defendants Judge Pfadt and the prosecutor because the allegations against them do not appear to concern their exercise of judicial or prosecutorial powers, but rather their use of influence in the state court proceeding. Stump v. Sparkman, 435 U.S. 349, 362, 98 S.Ct. 1099, 1107-08, 55 L.Ed.2d 331 (1978); Imbler v. Pachtman, 424 U.S. 409, 431, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976). Finally, to the extent that the district court also relied on qualified immunity for the benefit of the defendant court administrators, we call to the court's attention that such a defense is for the defendant to plead and prove, not for the plaintiff to disprove. Gomez v. Toledo, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980).
 
 
 [1]
 The majority is correct that the Supreme Court left this issue open in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1834 n. 8, 104 L.Ed.2d 338 (1989). However, the principle that sua sponte dismissals are allowed was recognized by this court in Roman v. Jeffes, 904 F.2d 192, 196 (3d Cir.1990), and Bryson v. Brand Insulations, Inc., 621 F.2d 556, 559 (3d Cir.1980)
 
 
 [2]
 In such situations I would construe Rule 4(a)'s requirement of issuance of summons and service to have become moot
 Alternatively, if literal compliance with Rule 4(a) were held to be necessary, the summons could be issued and served even after the case was dismissed. Although such a result might seem at first blush to be absurd, it would allow the defendant to learn that someone had brought suit against him and that it had been dismissed, information he might find to be of value in the future.
 
 
 [3]
 I also see no implications for 28 U.S.C. Sec. 1915(c), which simply provides that officers of the court shall serve process in in forma pauperis cases
 
 
 [4]
 Such concerns would even be raised in situations where the district court sua sponte raised an issue of its subject matter jurisdiction, a well established duty of all federal courts. See Employers Insurance of Wausau v. Crown Cork & Seal Co., 905 F.2d 42, 45 (3d Cir.1990)
 
 
 [5]
 The majority is also correct that the court will not have the benefit of opposing counsel to clarify the issues. However, in a case where such illumination is necessary, the district court is free to wait until service and an answer, as well as appropriate briefs, are filed before considering whether to dismiss