

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-22-2008

# Francis v. NJ Ofc Law Guardian

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4630

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Francis v. NJ Ofc Law Guardian" (2008). *2008 Decisions.* Paper 627.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/627

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-272                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 07-4630
_____

JANET FRANCIS; ANNETTE FRANCIS;
E.N.F., a minor; J.D.F., a minor; A.W.F., a minor

v.

STATE OF NJ OFFICE OF LAW GUARDIAN; REBECCA MILLER;
STATE OF NJ OFFICE OF PARENTAL REPRESENTATION; BARBARA
LANCE; STATE OF NJ OFFICE DAG, past Lela Lawrence and
present; JUDGE GERALD COUNCIL; MONTE MORGAN; MELISSA BROOKS;
CHANCE GAYLES; CHRIS WOMBLE; MICKY CAROLL; KIMBERLEY THOMPSON;
NANETTE LIEGGI; CASSANDRA KEYES; MAXINE BRINSON; STATE OF NEW
JERSEY DEPT. OF YOUTH & FAMILY SERVICE, BURLINGTON COUNTY DISTRICT
OFFICE; STATE OF NJ DEPT. OF YOUTH & FAMILY SERVICES, MERCER
COUNTY DISTRICT OFFICES; MICHELLE PERRY-THOMPSON; VINCE GOLHANZ;
LELA LAWRENCE

Janet Francis,
Appellant

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 07-cv-03558)
District Judge:  Honorable Joel A. Pisano

_____

Submitted For Possible Summary Action Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
August 14, 2008

Before: SLOVITER, FISHER and HARDIMAN,  Circuit Judges

_____

OPINION

_____

PER CURIAM

Janet Francis appeals pro se from the order of the District Court refusing to reopen this case after previously having dismissed the complaint without prejudice.  For the following reasons, we will vacate and remand for further proceedings.

## I.

The complaint at issue does not contain specific factual averments, but, from Francis's filing in this Court, it appears that Janet and Annette Francis are sisters and that the minor plaintiffs are Annette's children.  Plaintiffs submitted pro se a complaint against various New Jersey state agencies and employees, together with a motion for leave to proceed in forma pauperis ("IFP").  Plaintiffs' complaint accuses defendants, in conclusory fashion, of numerous legal violations.  Among other things, it refers to an "illegal adoption" and claims that defendants violated plaintiffs' constitutional rights.  By order entered August 22, 2007, and without ruling on the IFP motion, the District Court sua sponte dismissed the complaint for failure to conform to Rule 8 of the Federal Rules of Civil Procedure.  The order dismissed the complaint without prejudice, but stated that "this matter is hereby closed" and did not expressly provide plaintiffs with leave to

amend.  Plaintiffs then filed a motion to reopen their case on the grounds discussed below.  By order entered November 8, 2007, the District Court denied plaintiffs' motion and again deemed the matter "closed."  Francis appealed, then filed in this Court a "motion for summary judgment," which sets forth the factual basis for her claims.[1]

## II.

We agree with the District Court that plaintiffs' complaint was deficient even under the liberal pleading standards embodied in Rule 8.  See Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (explaining that Rule 8 "'requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests'") (quoting Bell Atlantic Corp. v. Twombly, – U.S. –, 127 S. Ct. 1955, 1964 (2007)).  The District Court, however, should expressly have provided plaintiffs a further opportunity to conform to those standards.  Before dismissing a pro se complaint, district courts should "'expressly state, where appropriate, that the plaintiff has leave to amend within a specified period of time.'"  Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000) (citation omitted).  One appropriate circumstance is where the complaint suffers from a

---

[1]We deem the November 8 order effectively final because it reiterates that the case is "closed" and does not contemplate any future proceedings.  Accordingly, we have jurisdiction under 28 U.S.C. § 1291 to review both orders.  We review for abuse of discretion both the dismissal of a complaint under Rule 8, see In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996), and the denial of a motion for reconsideration, see Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

"'lack of factual specificity.'" Id. (citation omitted). In this case, the District Court dismissed the complaint without prejudice for inadequate specificity, but ordered the matter "closed" without expressly allowing leave to amend.[2]

This error was compounded by the procedural posture in which the District Court dismissed the complaint – i.e., before a ruling on plaintiffs' IFP motion. "When a complaint is accompanied by a motion to proceed [IFP], rather than by payment of a filing fee, the complaint is not docketed, and it is therefore not filed, until the motion has been granted." Oatess v. Sobolevitch, 914 F.2d 428, 429 n.1 (3d Cir. 1990). Thus, technically speaking, plaintiffs' complaint was not yet subject to dismissal. We sympathize with the District Court's desire to weed out meritless complaints, but such procedural shortcuts can be counterproductive. For example, we explained in Oatess that dismissing a complaint under Rule 12(b)(6) before service of process "interferes with the orderly process of the case" and "results in greater inefficiency" because "if an appeal is taken the case shuttles between the district and appellate courts." See id. at 431.

---

[2]The day after they submitted their complaint, plaintiffs submitted an amended complaint, which added several immaterial assertions. The District Court did not mention the amendment in its orders, and we attach no significance to it for present purposes. As explained below, neither complaint can be deemed filed because plaintiffs have not paid the filing fee or been granted IFP status, and plaintiffs submitted the amendment before the District Court informed them that their complaint was deficient. We express no opinion on the effect of the amendment under Rule 15 of the Federal Rules of Civil Procedure, but hold only that it did not relieve the District Court of expressly allowing leave to amend under these circumstances.

Similar problems arose here. In their motion to reopen, plaintiffs focused on their outstanding IFP motion and the absence of service of process.[3] If the District Court had expressly granted leave to amend, plaintiffs might simply have amended their complaint instead of moving to reopen. As it happened, however, the District Court denied reopening, Francis appealed, and she now has filed in this Court a document setting forth the basis of her claims in a manner that appears to satisfy Rule 8. We express no opinion on the merits of those claims, but note that they might be read to state, inter alia, a procedural or substantive due process claim.[4]

Accordingly, we will vacate and remand. On remand, the District Court is directed to rule on Francis's IFP motion. If the District Court grants leave to proceed IFP, it shall then afford Francis a specific period of time, such as thirty days, within which to file an amended complaint. If she files an amended complaint, the District Court shall proceed

---

[3]Plaintiffs also asserted that they submitted their complaint "pursuant to Rule 8," but, in the absence of express leave to amend, we do not read that reference as a statement of intent to stand on their complaint. Cf. Shane, 213 F.3d at 116.

[4]Janet Francis asserts that E.N.F. and J.D.F. have been "placed with" her by state authorities and that authorities wrongfully removed them from her house for approximately two months and have denied them certain opportunities. She also asserts that the children were mistreated while in the care of another individual and that Annette Francis's parental rights to A.W.F. were wrongfully terminated. Only Janet has appealed, however, so any claims belonging to Annette have been waived. Janet also may not assert any claims on behalf of Annette or the minor plaintiffs pro se because she "may not appear pro se in the cause of another person or entity." Pridgen v. Anderson, 113 F.3d 391, 393 (2d Cir. 1997). See also Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991) (holding that non-lawyer proceeding pro se could not represent his children). In light of Janet's assertion that E.N.F. and J.D.F. have been "placed with" her, however, it may be that she can state claims that she has standing to pursue.

5

in accordance with 28 U.S.C. § 1915. Francis's "motion for summary judgment," to the extent that it seeks substantive relief in this Court, is denied.