**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4038
_____

DARIN LEE HAUMAN,
                                        Appellant

v.

*SECRETARY PENNSYLVANIA DEPARTMENT
OF CORRECTIONS; FREDERICK ROSEMEYER,
Superintendent; FRED A. BEERS, Fire and Safety
Manager of SCI-LH; GAIL BEERS, Mail Room
Supervisor of SCI-LH; DAN BUCK, Boiler Plant
Manager of SCI-LH; JOE HILLEGAS, Heating, Ventilation
and Air Conditioning Instructor of SCI-LH; MARDIANN
HUNSBERGER, Superintendent, SCI-LH; JAMES
KREUTZBERGER, Facility Maintenance Manager of SCI-LH;
JAMES PHILLIPPI, Education Department Head of SCI-LH

(*Pursuant to Rule 43©, Fed. R. App. P.)
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 05-cv-00439)
District Judge:  Honorable Kim R. Gibson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 25, 2011

Before:  FUENTES, GREENAWAY, JR. and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 4, 2011)

_____

OPINION
_____

PER CURIAM

Darin Lee Hauman appeals from the final order of the United States District Court for the Western District of Pennsylvania concerning his civil rights complaint. The proceedings in this matter have been lengthy. Because the parties are familiar with the background, we will present only a summary. In 2005, Hauman commenced a pro se civil rights action against several prison officials and employees at SCI-Laurel Highlands ("the prison") at Somerset, Pennsylvania, where Hauman is an inmate. He alleged that the defendants violated his Eighth Amendment rights by exposing him to various environmental dangers, including toxic coal smoke emitted from the prison's coal-fired boiler plant that infiltrates the prison's indoor air, environmental or second hand tobacco smoke ("ETS") from prisoners who smoke on prison grounds, and friable asbestos stemming from exposure on a work assignment where asbestos was present and disturbed in his presence.[1] Hauman contended that on numerous dates, especially in 2005, he suffered shortness of breath and dizziness, and that his health has been negatively affected by the prison environment. Hauman sought compensatory and punitive damages, as well as declaratory and injunctive relief.

Hauman filed a motion for appointment of counsel, which was denied without discussion. The case proceeded to discovery. Hauman filed several unsuccessful discovery-related motions, including a motion to compel. The Magistrate Judge denied the motion without discussion. Hauman appealed the order to the District Court, and the

_____

[1] Hauman also listed other environmental dangers in his complaint. He also raised First Amendment violations.

District Court reversed the ruling as it pertained to Hauman's requested discovery of his medical records. The parties filed cross-motions for summary judgment and responses. In February 2008, the Magistrate Judge issued a report and recommendation that summary judgment be granted in the defendants' favor on all claims except for the claim for injunctive relief based on the allegations of deliberate indifference to exposure to friable asbestos. Hauman filed objections. By order entered March 26, 2008, the District Court adopted the report and recommendation and granted summary judgment to the defendants except for the single claim for injunctive relief; that claim was set to proceed to a non-jury trial.

Hauman then sought leave to file an amended complaint to commence a class action and again sought the appointment of counsel. The Magistrate Judge denied these motions. In April 2008, Hauman filed a motion to appoint an expert for his remaining claim for injunctive relief on the friable asbestos claim, which the Magistrate Judge denied. On appeal of that denial, the District Court remanded the issue for consideration under Rule 706 of the Federal Rules of Evidence. The Magistrate Judge again denied the motion, and the District Court affirmed, finding no abuse of discretion by the Magistrate Judge. In the interim, Hauman also filed objections to the denial of his counsel motion, and the District Court ruled that the Magistrate Judge's order was not clearly erroneous. Hauman filed a third counsel motion, which again was denied without discussion but with direction to the Clerk of the District Court to mark any subsequent counsel motions as denied upon receipt.

The Magistrate Judge then conducted a site visit to the prison with the parties.

After that visit, on September 3, 2009, the Magistrate Judge issued a report and recommendation that judgment be entered in Hauman's favor on his remaining claim for injunctive relief. The Magistrate Judge noted that the only remaining issue for trial would be whether Hauman could prove exposure to asbestos and whether the defendants were deliberately indifferent to any need for medical monitoring, and that the defendants had advised during the site visit that they were willing to place Hauman in the same medical monitoring program used for the individuals who were potentially affected by a documented release of friable asbestos at the prison in April 2006. But the Magistrate Judge reasoned that the proposed relief remedied any possible claim for injunctive relief. Hauman filed objections. The District Court adopted the report and recommendation and entered judgment in Hauman's favor on the remaining claim for injunctive relief, directing that Hauman be included in the same medical monitoring program used by the Department of Corrections for monitoring individuals exposed to friable asbestos. In its order, the District Court noted that its order of injunctive relief was enforceable against the defendants. The District Court later denied Hauman's motion to alter or amend the order.

This appeal followed. We have jurisdiction over the appeal under 28 U.S.C. § 1291 and exercise plenary review over the District Court's decision to grant summary judgment. McGreevy v. Stroup, 413 F.3d 359, 363 (3d Cir. 2005). Summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a) (amended Dec. 1, 2010). A court reviewing a summary judgment

4

motion must evaluate the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 330 (3d Cir. 1995). However, a party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005) (internal citations and quotations omitted).

Hauman's appeal focuses on his Eighth Amendment claims with respect to exposure to coal smoke, ETS, and asbestos. At issue is whether the defendants knew of and disregarded a substantial risk of serious harm to Hauman. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). We first turn to the District Court's entry of judgment on Hauman's claims for damages. The record includes the documentation of Hauman's respiratory condition during the relevant period. Not noted in the Magistrate Judge's report, but conceded by the defendants in their motion for summary judgment, was that the United States Environmental Protection Agency (EPA) issued a notice of violation based on particulate matter emissions from the prison's coal-fired boiler plant, and that the Commonwealth of Pennsylvania paid a civil penalty in settlement of this violation of the Clean Air Act. The defendants also acknowledged that asbestos or asbestos-containing materials are present at the prison, and that there was an incident in April 2006 involving a release of friable asbestos, though Hauman does not allege that he was directly exposed during that particular event.[2] Hauman responded to the defendants' motion for summary judgment with affidavits and additional supporting evidence of his

---

[2] Hauman claims that he was potentially harmed when the inmates directly involved in

5

respiratory ailments and diagnoses.

The Magistrate Judge considered the evidence and stated that, accepting the evidence in the light most favorable to Hauman, a reasonable fact finder would have insufficient evidence to determine whether Hauman was or was not directly exposed to friable asbestos during the May 2005 work assignment or by second-hand contact after the April 2006 release of friable asbestos. However, the Magistrate Judge recommended that summary judgment be granted in the defendants' favor based on the lack of expert evidence to show that Hauman's respiratory conditions were caused by or were aggravated by any of the environmental conditions of the prison, and that Hauman's lack of expert proof is fatal to his ability to prevail at trial. We are troubled by this result, given that the Magistrate Judge had earlier denied Hauman's motion for appointment of counsel without comment and without acknowledging any need for expert evidence. See Montgomery v. Pinchak, 294 F.3d 492, 504-05 (3d Cir. 2002). As we stated in Montgomery, although appointed counsel might still have difficulty in obtaining and affording an expert, counsel would have much better opportunity to do so than would an indigent prisoner. See id. at 505. The Magistrate Judge anticipated an objection regarding the lack of expert evidence (and Hauman did indeed object on this basis), and so the Magistrate Judge noted that the court had no authority to appoint an expert on Hauman's behalf. (Feb. 22, 2008 Report and Recommendation at 8 n.3, citing Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir. 1987).) In addition, the Magistrate Judge noted that Federal Rule of Evidence 706 allows a court to appoint its own impartial expert, but

the April 2006 event returned to the housing unit, bringing the asbestos fibers with them.

6

not to appear an expert on Hauman's behalf. One could infer from the Magistrate Judge's report, and from his later orders in the case, that he would never entertain a party's motion for appointment of a court-appointed expert under Rule 706 because such an appointment, in his view, always would be viewed as an abdication from his role as a neutral tribunal. (See id., Sept. 16, 2008 order, Oct. 3, 2008 order.) However, the rule itself contemplates that a court may appoint an expert on its own motion or on the motion of any party. Viewing the Magistrate Judge's analysis in the context of the proceedings in this case, [3] it would seem that no indigent pro se prisoner with a similar claim could ever defeat a summary judgment motion.

The Magistrate Judge also determined that the defendants were entitled to summary judgment on the basis of qualified immunity. Specifically, the Magistrate Judge concluded that Hauman failed to overcome a qualified immunity defense because he produced no evidence that the defendants knowingly or recklessly exposed him to dangerous levels of asbestos.[4] As Hauman argues in his brief, it is the defendants' burden to establish their entitlement to qualified immunity. See Oatess v. Sobolevitch, 914 F.2d 428, 431 n.8 (3d Cir. 1990) (discussing qualified immunity as an affirmative defense that a defendant must plead and prove, not for a plaintiff to disprove, in the

---

[3] As we noted earlier, the Magistrate Judge denied Hauman's counsel motion at the outset, without consideration of the factors under Tabron v. Grace, 6 F.3d 147, 155-58 (3d Cir. 1993). The record reflects that Hauman may have encountered difficulty in obtaining the discovery necessary to his case. For example, he succeeded in obtaining access to his own medical records only after intervention by the District Court. Even after Hauman's claim for injunctive relief survived summary judgment, the Magistrate Judge entered an order preemptively denying any further counsel motions by Hauman.
[4] The Magistrate Judge discussed qualified immunity concerning Hauman's asbestos claim, but also appears to have applied the same reasoning to the other environmental

7

context of a dismissal prior to service).  The defendants here did not seek summary judgment on that basis.  To the extent that the Magistrate Judge placed the burden on Hauman to disprove the availability of qualified immunity, the burden was unfairly placed.

We add that Hauman raises several arguments that pertain to the District Court's order entering judgment in his favor on his claim for injunctive relief.  We do not address this order because Hauman received a favorable disposition and therefore is not "aggrieved" in such a way that the order is appealable by him.  See, e.g., Solar Turbines Inc. v. Seif, 879 F.2d 1073, 1078 n.3 (3d Cir. 1989); Watson v. City of Newark, 746 F.2d 1008, 1010-11 (3d Cir. 1984).

For the foregoing reasons, we will vacate the District Court's March 26, 2008 order to the extent that it granted the defendants' motion for summary judgment and will remand the matter for further proceedings.

---

claims.