DLD-034                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3212
_____

CHRISTOPHER WILLIAM REED,

Appellant

v.

CRAIG HARPSTER, UNIT MANAGER; JEFFERY RACKOVAN, GRIEVANCE
COORDINATOR; JAMES D. MORRIS, MAJOR; BRIAN THOMPSON, DEPUTY
SUPERINTENDENT; FRANKLIN TENNIS, SUPERINTENDENT; DORINA
VARNER, ACTING CHIEF HEARING OFFICER; ROBERT MARSH, DEPUTY
SUPERINTENDENT

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3:09-cv-01618)
District Judge:  Honorable A. Richard Caputo

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 8, 2012

Before:  AMBRO, SMITH and CHAGARES, Circuit Judges

(Opinion filed:  December 11, 2012)

_____

OPINION
_____

PER CURIAM

Christopher William Reed appeals pro se from the District Court's orders dismissing his complaint as to five of the seven defendants and granting the remaining defendants' motion for summary judgment. Because the appeal presents no substantial question, we will summarily affirm the District Court's orders.

I.

In August 2009, Reed, an inmate at the State Correctional Institution at Rockview, Pennsylvania ("SCI-Rockview"), filed a civil rights complaint against seven officers of the Pennsylvania Department of Corrections. In the complaint, as amended in January 2010, Reed claimed that Defendants Harpster and Thompson failed to protect him from an attack by his cellmate, Michael LaCava. In particular, Reed claimed that: (1) Harpster and Thompson knew of LaCava's record of two prior assaults at other prisons; (2) LaCava told Harpster that he intended to "lump up" Reed; and (3) LaCava sent a letter to Thompson stating that a "danger does exist" in placing him in a double cell. Reed further alleged that all defendants participated in a conspiracy to cover-up Harpster's and Thompson's failure to protect Reed from attack. Harpster served an answer to Reed's complaint, and the other defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The District Court subsequently dismissed Reed's conspiracy claim as to all moving defendants, and dismissed Reed's Eighth Amendment claim as to all moving defendants except Thompson. The District Court then granted summary judgment in favor of Harpster and Thompson on the ground that Reed failed to create a

2

genuine dispute regarding whether the defendants knew of and disregarded an excessive risk to Reed's safety. Reed timely appealed.

II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We may summarily affirm a judgment of the District Court if the appeal does not raise a substantial question. See I.O.P. 10.6.

A. Dismissal of the claims against Defendants Rackovan, Morris, Varner, Marsh, Tennis, and Thompson

Our review of a district court's order granting a motion to dismiss for failure to state a claim is plenary. Dique v. N.J. State Police, 603 F.3d 181, 188 (3d Cir. 2010). To survive a motion to dismiss, a plaintiff must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).

First, as the District Court noted, Reed's conspiracy claims against defendants Rackovan, Morris, Thompson, Varner, Marsh, and Tennis are not cognizable. In order to sufficiently allege a claim of a civil rights conspiracy, the complaint must specifically set forth: (1) the conduct that violated the plaintiff's rights; (2) the time and the place of the conduct; and (3) the identity of the officials responsible for the conduct. See Oatess v. Sobolevitch, 914 F.2d 428, 431 n.8 (3d Cir. 1990) (citing Colburn v. Upper Darby

3

Twp., 838 F.2d 663, 666 (3d Cir. 1988)).  Furthermore, the allegations of conspiracy must be grounded firmly in facts; they cannot be conclusory nor can they hinge on bare suspicions and foundationless speculation.  See Young v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991) (affirming dismissal of conspiracy claims based upon mere suspicion and speculation).  Here, Reed made a foundationless allegation of conspiracy without setting forth any facts regarding the conduct, time, or place which constituted the conspiracy.  Therefore, Reed's conspiracy claim did not satisfy the pleading requirements and was properly dismissed. [1]

Second, the District Court correctly dismissed Reed's Eighth Amendment claim against defendants Rackovan, Morris, Varner, Marsh, and Tennis.  "An individual government defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior."  Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)) (internal brackets omitted).  We agree with the District Court that Reed failed to put forth any facts suggesting that these defendants participated in the allegedly unconstitutional decision to place Reed in a cell with a dangerous cellmate.  They therefore cannot be held liable based only on the fact of their employment at SCI-Rockview.

---

[1] To the extent the District Court did not dispose of Reed's conspiracy claim against Harpster, we note that this claim is also conclusory, and we deem it properly dismissed.

B. Grant of summary judgment in favor of Harpster and Thompson

Our review of a district court's order granting summary judgment is plenary. Kreimer v. Bureau of Police, 958 F.2d 1242, 1250 (3d Cir. 1992). Summary judgment may be granted only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

To establish an Eighth Amendment claim for failure to protect, a plaintiff must show that: (1) "he is incarcerated under conditions posing a substantial risk of serious harm;" and (2) prison officials operated with "deliberate indifference to [his] health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be proven by showing that "the official knows of and disregards an excessive risk to inmate health or safety." Id. at 837. Not only must a prison official be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but the official "must also draw the inference." Id. Here, the only evidence Reed proffered to show that Thompson was aware of a substantial risk from LaCava is a letter LaCava wrote to Thompson in early July 2008 requesting placement in a single cell. In that letter, LaCava states generally that "danger does exist" in placing him in a double cell. While this may suggest some risk, LaCava also states that he is "not a . . . predator . . . [or] troublemaker . . . [, n]or do I have a assaultive history— I choose to conduct myself with dignity, respect and class at all times." He also explains that he will not refuse another order to be housed in a double cell. Although LaCava had previously expressed his desire to be housed alone, he had not previously engaged in violence at SCI Rockview,

5

and his prison record of misconduct contains only two prior acts of violence elsewhere—one in 2001 and the other in 2006, 19 months before his assault on Reed. Reed offered only his belief, and no admissible evidence, to support his claim that Harpster was ever made aware of LaCava's intent to hurt his cell mate. We agree with the District Court's conclusion that the evidence in the record is insufficient to raise a genuine issue of material fact that either Thompson or Harpster knew of a substantial risk to Reed's safety and acted with deliberate indifference to that risk.

Accordingly, this appeal presents us with no substantial question, and we will summarily affirm the District Court's order. See 3rd Cir. LAR 27.4 and I.O.P. 10.6.