DLD-073                                                 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4196
_____

In re:  ELIZABETH HARVEY,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 3-12-cv-01387)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 20, 2012

Before:  AMBRO, SMITH and CHAGARES, <u>Circuit Judges</u>

(Opinion filed: January 3, 2013 )
_____

OPINION
_____

PER CURIAM

        In July 2012, Elizabeth Harvey, proceeding pro se, initiated a civil suit pursuant to

42 U.S.C. § 1983 in the United States District Court for the Middle District of

Pennsylvania alleging that a Pennsylvania state court judge and non-judicial employees

deprived her of constitutional rights.  The District Court, pursuant to its obligation to

review pro se filings under 28 U.S.C. § 1915(e)(2), dismissed Harvey's complaint

without prejudice for failure to state a claim.  Harvey filed a motion for reconsideration

pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and the District Court issued an order instructing the parties that the motion was scheduled for oral arguments. Harvey did not attend the oral arguments and the District Court denied Harvey's motion for reconsideration on November 15, 2012.

Harvey filed a mandamus petition with this Court on November 14, 2012. Harvey alleges that the District Court failed to adhere to the principles set forth in Oatess v. Sobolevitch, 914 F.2d 428 (3d Cir. 1990). Harvey contends that Oatess stands for the proposition that the District Court is prohibited from dismissing a case under 28 U.S.C. § 1915 for failure to state claim and that the District Court improperly dismissed a complaint she filed for failure to state a claim.

Mandamus is a drastic remedy granted only in extraordinary cases. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To prevail the petitioner must establish that she has "no other adequate means" to obtain relief and that she has a "clear and indisputable" right to issuance of the writ, and the reviewing court must determine that the writ is appropriate under the circumstances. Id. at 378-79. Mandamus cannot be used as a substitute for appeal. Id. at 379; see also Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996) ("Indeed, a writ of mandamus may not issue if a petitioner can obtain relief by appeal."). The regular appeal process for civil cases provides an adequate means for Harvey to challenge the District Court's ruling. Present consideration of her claims would allow Harvey to circumvent the appeals process. Therefore, we will deny the petition for writ of mandamus.

2