NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4499
_____

WILLIE WALKER,

Appellant

v.

THE STATE OF PENNSYLVANIA; THE CITY OF PHILADELPHIA;
THE DEFENDER ASSOCIATION
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-12-cv-06327)
District Judge:  Honorable Mitchell S. Goldberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 22, 2014
Before:  CHAGARES, KRAUSE and SLOVITER, Circuit Judges

(Opinion filed: September 8, 2014)
_____

OPINION
_____

PER CURIAM

Willie Walker, proceeding pro se, appeals from orders of the District Court dismissing his claims and, ultimately, his civil rights complaint.  For the following reasons, we will affirm.

Walker filed suit under 42 U.S.C. § 1983[1] alleging violations of his rights arising from state court convictions. As noted in his filings, Walker pled guilty in 2002 to theft by receiving stolen property and was sentenced to 11 1/2 to 23 months in prison. He was released in 2003. In 2005, Walker was convicted of possessing instruments of crime, simple assault, and criminal conspiracy and was sentenced to 11 to 23 months in prison. In 2007, Walker was arrested while on probation. His probation was revoked and he was later convicted of simple assault and theft. Walker was sentenced to six to 23 months in prison for those offenses. Direct appeals and PCRA petitions regarding the 2005 and 2007 convictions were unsuccessful, as was a state habeas petition and a malpractice suit against the Defender Association of Philadelphia ("Defender Association").

In 2012, Walker, who is apparently no longer in prison, filed a pro se complaint in the District Court against the Commonwealth of Pennsylvania ("Commonwealth"), the City of Philadelphia ("City"), and the Defender Association alleging "crimes against humanity" and violations of his rights arising from the prior convictions. Among other things, he claimed that: (1) he had been wrongfully convicted, (2) he received ineffective assistance of counsel, (3) his PCRA and habeas petitions should have been granted, (4) he was improperly denied parole, and (5) he served an incorrect term of imprisonment. He also generally alleged that the Defendants conspired to deprive him of his rights. For relief, he sought seven million dollars in damages.

---

[1] Section 1983 provides in pertinent part that: "[e]very person who, under color of any statute . . . of any State . . . subjects . . . any citizen of the United States . . . to the deprivations of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law."

The Defender Association and the City separately moved to dismiss the complaint for failure to state a claim upon which relief may be granted. The District Court granted the motions on the grounds that the Defender Association was immune from suit and the action against the City was barred by Heck v. Humphrey, 512 U.S. 477 (1994). Walker then filed two nearly identical motions for a default judgment against the Commonwealth on the basis that the Commonwealth had failed to respond to the complaint. The District Court denied the motions and, in the same ruling, ordered Walker to show cause why his claims against the Commonwealth should not be dismissed as it appeared that it was not a "person" within the meaning of 42 U.S.C. § 1983. After Walker failed to address the issue, the District Court dismissed the claims against the Commonwealth and dismissed the complaint in its entirety. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the decision to grant the motions to dismiss. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). When considering a motion to dismiss a complaint, a court must view the factual allegations as true and dismiss only if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

We agree with the District Court that Walker's claims against the Defendants are barred by Heck v. Humphrey. The relief Walker sought in his complaint was monetary damages. Under Heck,

>        in order to recover damages for allegedly unconstitutional
>        conviction or imprisonment, or for other harm caused by actions
>        whose unlawfulness would render a conviction or sentence invalid,

3

> a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486-87.  If the conviction has not been invalidated, the claim is not cognizable under section 1983 and must be dismissed.  Id. at 487.  All of Walker's claims arise from the state court proceedings and convictions and thus challenge the validity of those convictions.  The  convictions have not been invalidated, as Walker himself acknowledges.  Consequently, his claims are barred by Heck.

We also agree with the District Court's additional grounds for dismissing the claims against the Defender Association and the Commonwealth.  As we have held: "public defenders and court-appointed counsel acting within the scope of their professional duties are absolutely immune from civil liability under § 1983."  Black v. Bayer, 672 F.2d 309, 320 (3d Cir. 1982); abrogated on other grounds by D.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1368 n.7 (3d Cir. 1992). Walker's claims against the Defender Association arise from its  representation of him in criminal matters.  Therefore, the District Court properly concluded that the Defender Association was immune from suit.  Furthermore, Walker named only the Commonwealth of Pennsylvania as a defendant, not any public officials.  As "a State is not a person within the meaning of § 1983," Will v. Mich. Dep't of State Police, 491 U.S.

4

58, 64 (1989), the Commonwealth was not a proper party to Walker's lawsuit, and the District Court correctly dismissed the claims against it. [2]

Walker seeks to avoid the application of the aforementioned rules by arguing that his complaint should be construed as seeking injunctive relief and as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. But his complaint, explicitly brought under section 1983 and seeking monetary damages, provides no basis for doing so. Walker also challenges the District Court's denial of his motions for a default judgment against the Commonwealth. Three factors are considered to determine whether default judgment should be granted: "(1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). Although the District Court did not explain the basis for its denial of Walker's motions, implicit in the simultaneous order to show cause is the District Court's conclusion that the claims against the Commonwealth were subject to dismissal, which we have explained was a proper conclusion. Therefore, the District Court did not abuse

_____

[2] Walker does not explicitly challenge the authority of the District Court to dismiss, sua sponte, his claims against the Commonwealth. Nevertheless, we note that we have recognized that a district court may do so for failure to state a claim so long as the plaintiff is given notice and an opportunity to respond. See Oatess v. Sobolevitch, 914 F.2d 428, 430 n.5 (3d Cir. 1990). We also note that courts have upheld a district court's authority to sua sponte dismiss a complaint against a non-moving defendant where it was clear the plaintiff failed to state a claim for relief. See e.g., Wachtler v. Cnty. of Herkimer, 35 F.3d 77, 82 (2d Cir. 1994). In this case, the District Court gave Walker notice and an opportunity to respond and thereafter properly dismissed the claims against the Commonwealth as barred by Heck v. Humphrey and Will v. Mich. Dep't of State Police. Therefore, we will affirm its sua sponte action in this case.

its discretion because Walker was not prejudiced by the denial of default given that he could not proceed with his claims against the Commonwealth.  Id.

For these reasons, we will affirm the judgment of the District Court.