DLD-364                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3215
_____

IN RE: WILLIAM L. BURRELL, JR.,

Petitioner

_____
On a Petition for Writ of Mandamus from
the United States District Court
for the Middle District of Pennsylvania
(Related to D.C. Civ. No. 3:14-cv-01891)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 28, 2016
Before:  CHAGARES, GREENAWAY, JR. and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 18, 2016)
_____

OPINION[*]
_____

PER CURIAM

Petitioner William L. Burrell petitions for a writ of mandamus.  For the reasons

that follow, we will deny the petition.

Burrell has a pending in forma pauperis civil action in the United States District

Court for the Middle District of Pennsylvania.  <u>See</u> <u>Burrell v. Loungo</u>, D.C. Civ. No.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

3:14-cv-01891. In his civil action, he contends that there is a conspiracy in Lackawanna County involving the Domestic Relations Section of the Court of Common Pleas, the county's prison, and the county's recycling center. As part of this alleged conspiracy, individuals like Burrell who fail to comply with child support orders allegedly are detained and then forced to work in the trash factory/recycling center in deplorable conditions for only $5 per day.

On February 26, 2016, a Magistrate Judge granted Burrell's motion to proceed in forma pauperis and stayed service of the amended complaint pending screening pursuant to 28 U.S.C. § 1915(e)(2). In a series of filings, Burrell objected to the stay of service, arguing that because he is not a prisoner, 28 U.S.C. § 1915(d) required service of his amended complaint once proceed in forma pauperis status had been granted. Burrell also moved that the Magistrate Judge and the District Court recuse themselves. The Magistrate Judge denied Burrell any relief based on these filings. The Magistrate Judge thereafter issued a report and recommendation on July 18, 2016. Therein, the Magistrate Judge recommended that the District Court dismiss certain claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous, and other claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief could be granted. The Magistrate Judge also recommended that Burrell be granted leave to file a second amended complaint.

Burrell then filed a mandamus petition that was docketed on July 26, 2016. In his petition, he asks us to issue an order directing service of process of his amended

2

complaint, that the Magistrate Judge and the District Court recuse themselves, and that the report and recommendation of the Magistrate Judge be stricken.

We will deny the petition for writ of mandamus. Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of (our) . . . jurisdiction and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). To justify the use of this extraordinary remedy, a petitioner must demonstrate that he has "no other adequate means to obtain [that] relief," or that "the right to issuance [of the writ] is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

Here, Burrell has an adequate means of relief in the District Court. At this stage, the District Court has not yet acted on the Magistrate Judge's recommendations. Without comment on the merits of the Magistrate Judge's report and recommendation, we observe that the District Court can address Burrell's contention that because he is not a prisoner, his complaint may not be dismissed prior to service for failure to state a claim. See, e.g., Oatess v. Sobolevitch, 914 F.2d 428, 430 (3d Cir. 1990); Roman v. Jeffes, 904 F.2d 192, 195 (3d Cir. 1990). Burrell may file objections to the Magistrate Judge's report and recommendation, after which the District Court will consider Burrell's arguments.

We also conclude there is no basis set out in Burrell's petition for granting a writ of mandamus to order the recusal of either the Magistrate Judge or the District Court.

For the foregoing reasons, we will deny the petition for writ of mandamus.