CLD-049                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1932
_____

ISMARY GOMEZ

v.

DR. MAXIMO GOMEZ NACER,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-14-cv-06684)
District Judge:  Honorable Jose L. Linares

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 13, 2015

Before: FISHER, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: November 18, 2015)
_____

OPINION[*]
_____

PER CURIAM

    Pro se appellant Maximo Gomez Nacer appeals the District Court's order

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

dismissing his complaint for lack of jurisdiction. We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's order. See Anselma Crossing, L.P. v. U.S. Postal Serv., 637 F.3d 238, 239 (3d Cir. 2011); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).[1] For the reasons set forth below, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Nacer initiated this action by filing a complaint in the District Court in which he purported to appeal a judgment in his state divorce case. Nacer stated that he wished to "provide more resources for [his] wife and daughter," D.C. dkt. #1 at pg. 1, and alleged that his income had been improperly suppressed due to a wide-ranging conspiracy against him. Nacer sought $308 million in damages.

The District Court dismissed Nacer's complaint for lack of jurisdiction.[2] The Court concluded that the complaint "fail[ed] to identify diversity amongst the parties or present a federal question," and that the domestic relations doctrine barred the suit. D.C. dkt. #4 at pg. 1. Nacer filed a timely notice of appeal to this Court.

We will affirm the District Court's judgment. To the extent that Nacer contends that the New Jersey Superior Court harmed him by issuing the divorce decree, the claim

---

[1] We may affirm on any ground apparent in the record. See, e.g., Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

[2] Because the District Court docketed Nacer's complaint without requiring him to pay the filing fee, we conclude that the Court implicitly granted Nacer's motion to proceed in forma pauperis. See Oatess v. Sobolevitch, 914 F.2d 428, 430 n.1 (3d Cir. 1990) ("When a complaint is accompanied by a motion to proceed in forma pauperis, rather than by

is barred by the Rooker-Feldman doctrine.  See D.C. Ct. of App. v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923).  That doctrine deprives federal courts of subject-matter jurisdiction over claims when "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments."  Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).

While this doctrine is "narrow," id. at 169, it encompasses at least some aspects of Nacer's complaint.  The New Jersey Superior Court issued a judgment in Nacer's divorce case; he argues that he was injured by this judgment; the divorce decree preceded the federal action; and he explicitly asked the District Court to overrule the state-court order.  Accordingly, to the extent Nacer challenges the divorce decree, the claim is barred by the Rooker-Feldman doctrine.  See generally Port Auth. Police Benev. Ass'n, Inc. v. Port Auth. of N.Y. & N.J. Police Dep't, 973 F.2d 169, 178 (3d Cir. 1992) (discussing, with approval, Hale v. Harney, 786 F.2d 688 (5th Cir. 1986), where the Fifth Circuit applied the Rooker-Feldman doctrine in similar circumstances).[3]

---

payment of a filing fee, the complaint is not docketed, and it is therefore not filed, until the motion has been granted.").

[3] Likewise, to the extent that Nacer invokes diversity jurisdiction and seeks to set aside or modify his divorce decree, the domestic-relations doctrine bars his claim.  See Matusow v. Trans-Cnty. Title Agency, LLC, 545 F.3d 241, 246 (3d Cir. 2008).

Nacer also appears to raise a variety of civil-rights claims, which potentially could be cognizable under 42 U.S.C. § 1983. However, these claims were properly dismissed under 28 U.S.C. § 1915(e)(2). See generally Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).[4]

Accordingly, we will summarily affirm the District Court's judgment.

---

[4] We are satisfied that amendment to the complaint would be futile, and therefore conclude that the District Court did not err in dismissing the complaint without providing leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).