**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1062
_____

COURTNEY GREEN,
                              Appellant

v.

LG ELECTRONICS USA; LG ELECTRONICS INC
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-22-cv-06057)
District Judge:  Honorable Susan D. Wigenton

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 8, 2023
Before:  HARDIMAN, PORTER, and FREEMAN, Circuit Judges

(Opinion filed June 9, 2023)

_____

OPINION[*]
_____

PER CURIAM

        Courtney Green, proceeding pro se, appeals an order of the United States District

Court for the District of New Jersey dismissing his amended complaint and denying his

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

motion for reconsideration. We will affirm; however, our rationale differs from that of the District Court. See TD Bank N.A. v. Hill, 928 F.3d 259, 270 (3d Cir. 2019) (noting that we may affirm on any basis supported by the record).

Green filed a complaint against LG Electronics USA and LG Electronics Inc. He alleged that the companies enabled employees of the entertainment and media industry to monitor him and converse with him through components in his television. He also averred that the companies were able to "collect viewing data and manipulate and control [his] viewing capabilities." ECF No. 1 at 4. Green sought money damages and other relief. Before service of process, the District Court dismissed the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. The District Court allowed Green to amend his complaint.

Green filed an amended complaint. In a separate statement of facts, he set forth instances when television personalities were allegedly targeting and monitoring him. Green alleged that commentators on several shows said that "there was nowhere that I could hide." ECF No. 10 at 1. In another example, he stated that a host on Fox Sports said, "Hey guys, he thinks we're his friends." Id. Green also averred that a television cast acknowledged that they could see him and made comments about him. In addition, Green alleged that he was unable to access certain programs on a streaming service, which instead offered him customized program choices. Green claimed that the companies engaged in racketeering, violated privacy laws, and defamed him.

The District Court dismissed Green's amended complaint with prejudice pursuant to Rule 12(b)(6) for failure to state a claim. Green filed a motion for reconsideration

2

stating again that television personalities were monitoring him. The District Court denied relief because Green had not identified an intervening change in law, new evidence, or a legal or factual error in its decision. This timely appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review of the District Court's dismissal of the amended complaint is plenary. Byers v. Intuit, Inc., 600 F.3d 286, 291 (3d Cir. 2010). We review the denial of a motion for reconsideration for abuse of discretion. Gibson v. State Farm Mut. Auto. Ins. Co., 994 F.3d 182, 186 (3d Cir. 2021).

Green reiterates on appeal that he has been surveilled and that viewing data was tracked when he watched a LG Electronics brand television. He sets forth additional instances when television personalities allegedly spoke or referred to him on their shows. We agree with the District Court's dismissal of Green's amended complaint. However, we affirm on the ground that dismissal was warranted under 28 U.S.C. § 1915(e)(2)(B).

The District Court granted Green's motion to proceed in forma pauperis in an order entered on December 15, 2015. Green's amended complaint was thus subject to the screening provisions of § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), the court shall dismiss an action that is "frivolous." A claim is factually frivolous when the facts alleged "rise to the level of the irrational or the wholly incredible." See Denton v. Hernandez, 504 U.S. 25, 33 (1992) (addressing former § 1915(d)). That is the case here. Green's allegations that television personalities are monitoring him or talking about him on their shows are fanciful. Dismissal of these claims was proper under § 1915(e)(2)(B)(i).

To the extent Green's allegations regarding the tracking of viewing data are not

3

frivolous, we agree with the District Court insofar as it held that he failed to allege sufficient factual matter to state a plausible claim for relief. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The District Court, however, should have dismissed these claims pursuant to § 1915(e)(2)(B)(ii), which permits the dismissal of an in forma pauperis complaint at any time for failure to state a claim. District courts generally should not dismiss a complaint sua sponte pursuant to Rule 12(b)(6) before service of process. See Oatess v. Sobolevitch, 914 F.2d 428, 430-31 (3d Cir. 1990).[1] To the extent Green appeals the District Court's denial of his motion for reconsideration, which reiterated allegations in his amended complaint, the District Court did not abuse its discretion in denying relief.

Accordingly, we will affirm the judgment of the District Court.

---

[1] The standard for dismissal under Rule 12(b)(6) and § 1915(e)(2)(B)(ii) though is the same. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard in appeal of dismissal under § 1915(e)(2)(B)(ii)).